# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT COURT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL NO. 5:17-CV-00083-FB |
| RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC. and TERRY R. KNIGHTEN. *Defendant.* | § § § § § | |

## AMY ARP AND KRISTEN HARVEY'S ANSWER IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Intervenors, AMY ARP and KRISTEN HARVEY and files this Answer in Intervention as party-defendants, and in support thereof would show unto this honorable Court the following:

### INTERVENORS' AFFIRMATIVE DEFENSE

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, Intervenors move this Court for a dismissal with prejudice pursuant to FRCP 12(b)(6).

2. Plaintiff has or may have failed to join a party whose presence is needed for just adjudication and/or failed to bring this action in the name of a real party-plaintiff in interest.

3. Intervenors affirmatively plead any and all other defenses and affirmative defenses available to them, or which may become applicable through discovery and during the trial of this cause.

## PARTIES

4. Intervenor Amy Arp ("Arp") is an individual residing in Texas.

5. Intervenor Kristen Harvey ("Harvey") is an individual residing in Texas.

6. Plaintiff Philadelphia Indemnity Insurance Company is a foreign insurance company with its principal place of business located in Bala Cynwyd, Pennsylvania. Plaintiff has appeared in this action and may be served with notice of this Answer by sending a copy to its attorney, William R. Pilat, at, 5051 Westheimer Road, 10th Floor, Houston, Texas 77056.

7. Defendant Renew Ministries, formally known as Celebrate Life Church, Inc. ("Defendant Renew Ministries"), is a Texas corporation duly authorized to conduct business in Texas that may be served with notice of this Complaint by serving Mike Foster, at 1209 Interstate Highway 35 South, No. 207, New Braunfels, Texas 78130. Intervenors are unaware of the status of service of this suit on the Defendant.

8. Defendant Terry R. Knighten (Defendant "Knighten") is an individual and resident of Texas who may be served with notice of this Complaint at 456 Wilderness Way, new Braunfels, Texas 78132 or at such other place where he may be found. Intervenors are unaware of the status of service of this suit on the Defendant.

## UNDERLYING LAWSUITS

*The Arp Lawsuit*

9. This underlying lawsuit originated from numerous nonconsensual sexual assaults, advances, and encounters between Arp and Defendant Terry R. Knighten spanning from approximately 2005 to the end of 2015 while Plaintiff was a parishioner of Defendant Renew Ministries seeking marital counseling from Defendant Knighten, as well as a volunteer and

employee of Defendant. As a result of the incidents that form the basis of the underlying lawsuit, Plaintiff suffered substantial damages and injuries wherefore Arp filed an original petition on or about October 18, 2016 in the 274th Judicial District of Comal County, Texas, numbered and styled as Cause No. C2016-1722C, Amy Arp v. Terry Knighten, et al.

10.    Arp maintains that the insurance policies Plaintiff issued to Defendants provide coverage for Intervenor's damages, if any awarded, in the Comal County lawsuit. As such, Intervenor has a justifiable interest in the matters in controversy in this litigation.

*The Harvey Lawsuit*

11.    This underlying lawsuit originated from a nonconsensual sexual assault occurring between Plaintiff and Defendant in October 2015 while Plaintiff was a parishioner of Defendant Renew Ministry seeking marital counseling from Defendant Knighten. As a result of the incidents that form the basis of the underlying lawsuit, Plaintiff suffered substantial damages and injuries wherefore Harvey filed an original petition on our about October 18, 2016 in the 433rd Judicial District of Comal County, Texas, numbered and styled as Cause No. C2016-1723D. Kristen Harvey v. Terry Knighten, et. al.

12.    Harvey maintains that the insurance policies Plaintiff issued to Defendants provide coverage for Intervenor's damages, if any awarded, in the Comal County lawsuit. As such, Intervenor has a justifiable interest in the matters in controversy in this litigation.

## INTERVENORS' ADMISSIONS AND DENIALS

13.    Intervenors provide the following answers and denials to the claims and allegations asserted in Plaintiff's First Amended Complaint for Declaratory Judgment:

14.    Intervenors admit the allegations in Paragraph 1.

15.    Upon information and belief, Intervenors admit the allegations in Paragraph 2.

16. Upon information and belief, Intervenors admit the allegations in Paragraph 3.

17. Intervenors admit the allegations in Paragraph 4.

18. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 5.

19. Intervenors admit the allegations in Paragraph 6.

20. Intervenors admit the allegations in Paragraph 7.

21. Intervenors admit the allegations in Paragraph 8.

22. Intervenors admit the allegations in Paragraph 9.

23. Intervenors admit the allegations in Paragraph 10.

24. Intervenors admit the allegations in Paragraph 11.

25. Intervenors admit the allegations in Paragraph 12.

26. Intervenors admit the allegations in Paragraph 13.

27. Upon information and belief, Intervenors admit the allegations in Paragraph 14.

28. Upon information and belief, Intervenors admit the allegations in Paragraph 15.

29. Upon information and belief, Intervenors admit the allegations in Paragraph 16.

30. Upon information and belief, Intervenors admit the allegations in Paragraph 17.

31. Upon information and belief, Intervenors admit the allegations in Paragraph 18.

32. Upon information and belief, Intervenors admit the allegations in Paragraph 19.

33. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have

sufficient information at this time to admit or deny the allegations in paragraph 20.

34. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 21.

35. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 22.

36. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 23.

37. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 24.

38. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 25.

39. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily

abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 26.

40. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 27.

41. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 28.

42. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 29.

43. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 30.

44. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 31.

45. In light of the difficulties Intervenors have had in each respective underlying lawsuit to

secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 32.

46. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 33.

47. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 34.

48. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 35.

49. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 36.

50. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 37.

51. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 38.

52. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 39.

53. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 40.

54. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 41.

55. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 42.

56. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have

sufficient information at this time to admit or deny the allegations in paragraph 43.

57. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 44.

58. In light of the difficulties Intervenors have had in each respective underlying lawsuit to secure the applicable insurance policies, as both underlying lawsuits have been momentarily abated in accordance with Tex. Civ. Pac. & Rem. Code § 74.052, Intervenors do not have sufficient information at this time to admit or deny the allegations in paragraph 45.

59. To the extent that paragraph 46 incorporates the prior paragraphs, Intervenors admit and deny the paragraphs as set forth above.

60. Upon information and belief, Intervenors admit the allegations in Paragraph 47.

61. Intervenors deny the allegations in Paragraph 48.

## INTERVENORS' COUNTER CLAIM FOR DECLARATORY RELIEF

62. In each of the respective underlying lawsuits, Intervenors have asserted claims against Defendants for of negligence, gross negligence, breach of fiduciary duty, assault, intentional inflection of emotional distress, and sexual exploitation by a mental health services provider.

63. In the present lawsuit, the Plaintiff alleges that it does not owe any duty to defend Defendants against the claims asserted in either of the Intervenors' underlying lawsuits. The determination of the Plaintiff's claims in this lawsuit will substantially, if not completely, affect the recoverability of any reward of damages obtained by the Intervenors in their respective underlying lawsuits. Therefore, in the present lawsuit, *Intervenors assert a counter claim for declaratory relief under the Texas and Federal Declaratory Judgment Act seeking a*

*determination that there is insurance coverage under the subject policies for the claims asserted in each of the respective underlying lawsuits.*

## DAMAGES

64. In each of their respective lawsuits, Intervenors seek to recover damages for reasonable necessary medical expenses in the past and future, past and future physical pain, past and future mental anguish, past and future physical impairment, past and future disfigurement, out of pocket expenses, pre-judgment interest and taxable court costs, exemplary damages, and attorney fees.

65. In addition to the declaratory relief sought, the only damages Intervenors seek to recover in the present lawsuit are the reasonable and necessary attorney fees and costs incurred in seeking this declaratory relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenors respectfully pray that the parties take notice of the filing of this Complaint in Intervention, and that upon a final hearing of the cause, judgment be entered for the Intervenors and against the Plaintiff adjudicating insurance coverage for the claims asserted in Intervenors' lawsuits, for reasonable and necessary attorney fees and costs, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, and such other and further relief to which the Intervenors may be justly entitled at law or in equity.

{ SIGNATURE BLOCK ON THE NEXT PAGE}

Respectfully submitted,
**KOMIE & MORROW LLP**

---

Christopher T. Morrow
State Bar No. 00791307
chris@komieandmorrow.com
Scott J. Braden
State Bar No. 24067525
scott@komieandmorrow.com
7703 North Lamar Boulevard, Suite 410
Austin, Texas 78752
(512) 338-0900 [Tel.]
(512) 338-0902 [Fax]
ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE upon the following:

*Sent via facsimile to 713-425-7700*

William R. Pilat
Texas Bar No. 00788205
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Road. 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700

Attorney for Plaintiff

On this the 22nd February, 2017

Scott J. Braden