**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 5:17-CV-00083-FB |
| | § | |
| **RENEW MINISTRIES f/k/a** | § | |
| **CELEBRATE LIFE CHURCH, INC.,** | § | |
| **AND TERRY R. KNIGHTEN,** | § | |
| *Defendants*. | § | |

### DEFENDANT TERRY R. KNIGHTEN'S ORIGINAL ANSWER AND COUNTER-CLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Terry R. Knighten hereby files his Original Answer to Plaintiff's First Amended Complaint for Declaratory Judgment and Counter-Claim.

### I.
### JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1.

### II.
### PARTIES

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits that the correct name for Renew Ministries f/k/a Celebrate Life Church, Inc., is Renew Ministries, Inc., that its name was Celebrate Life Church, Inc., until it filed a certificate of amendment in May of 2012, that it is a Texas not-for-profit corporation, that it conducts business in Texas and that it maintains a

principal place of business in New Braunfels, Comal County, Texas. Defendant denies the remainder of the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits that Plaintiff filed a suit seeking a declaration of the parties' rights and duties under various policies of insurance as they relate to two lawsuits pending in state district court in Comal County, Texas. Defendant denies the remainder of the allegations contained in Paragraph 5.

## III.
## FACTUAL BACKGROUND

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits that Exhibit A to Plaintiff's First Amended Complaint referenced in Paragraph 7 of the Plaintiff's First Amended Complaint is a true and correct copy of the current live pleading in the *Arp* lawsuit. Defendant further admits that the live pleading in the *Arp* lawsuit includes the factual allegations recited in paragraph 7 by Plaintiff. Defendant denies the remainder of the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

9. Defendant admits that Exhibit B to Plaintiff's First Amended Complaint referenced in Paragraph 9 of the Plaintiff's First Amended Complaint is a true and correct copy of the current live pleading in the *Harvey* lawsuit. Defendant further admits that the live pleading in the *Harvey* lawsuit includes the factual allegations recited in paragraph 9 by Plaintiff. Defendant denies the remainder of the allegations contained in Paragraph 9.

10. Defendant admits the current live pleadings in the *Arp* lawsuit and the *Harvey* lawsuit include the allegations recited in Paragraph 10. Defendant denies the remainder of the allegations contained in paragraph 10.

11. Defendant admits that the respective plaintiffs in the *Arp* lawsuit and the *Harvey* lawsuit are both asserting that Defendant is liable for breach of fiduciary duty, assault, negligence and gross negligence, intentional infliction of emotional distress, and sexual exploitation by a mental health services provider. Defendant denies the remainder of the allegations contained in Paragraph 11.

12. Defendant admits that Renew Ministries and Celebrate Life Church, Inc., have been sued as separate parties in the *Arp* lawsuit and the *Harvey* lawsuit for claims of sexual exploitation by a mental health service provider and negligent and grossly negligent hiring, supervising, training and retention of Defendant. Defendant denies the remainder of the allegations contained in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant admits that Plaintiff has attached as Exhibit "C" to its First Amended Complaint a document that is purported to be the declaration page for the 2011-2012 policy. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 14.

15. Defendant admits that Plaintiff has attached as Exhibit "D" to its First Amended Complaint a document that is purported to be copy of the Declarations page for

the 2012-2013 policy. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15.

16. Defendant admits that Plaintiff has attached as Exhibit "E" to its First Amended Complaint a document that is purported to be a copy of the Declarations page for the 2013-2014 policy. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16.

17. Defendant admits that Plaintiff has attached as Exhibit "F" to its First Amended Complaint a document that purports to be the Declarations page for the 2014-2015 policy. Defendant admits that Plaintiff has attached as Exhibit "G" to its First Amended Complaint a document that purports to be the Declarations page for the 2015-2016 policy. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17.

18. Defendant admits that Plaintiff has attached as Exhibit "H" to its First Amended Complaint a document that purports to be the Declarations page for the 2016-2017 policy. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 18.

19. Defendant admits that the applicable insurance policies provided by Plaintiff to Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten include, Commercial General Liability Coverage, Professional Liability Coverage, and Sexual Or Physical Abuse or Molestation coverage. Defendant lacks

sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 19.

20. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20.

21. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21.

22. Defendant lacks sufficient knowledge to admit or deny the allegations contained Paragraph 22.

23. Defendant admits that the Plaintiff's duty to defend extends to the Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 23.

24. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 24.

25. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25.

26. Defendant admits that the Plaintiff's duty to defend extends to the Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant lacks sufficient knowledge to admit or deny the remaining allegation contained in Paragraph 26.

27. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 27.

28. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28.

29. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 29.

30. Defendant admits that Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten are insureds and/or qualify as insureds. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 30.

31. Defendant admits that Plaintiff's duty to defend extends to Defendants' Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 31.

32. Defendant lacks sufficient knowledge to admit or deny that allegations contained in Paragraph 32.

33. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33.

34. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 34.

35. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35.

36. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 36.

37. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37.

38. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38.

39. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39.

40. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 40.

41. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 41.

42. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 42.

43. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43.

44. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 44.

45. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 45.

## IV.
## DECLARATORY JUDGMENT ACTION

46. Defendant incorporates his answers to Paragraph 6 through 45.

47. Defendant admits the allegations contained in Paragraph 47.

48. Defendant admits that Plaintiff filed this lawsuit seeking a judicial determination that it did not owe under the insurance policies issued a duty to defend Defendants in the *Arp* and *Harvey* lawsuits. Defendant denies the remaining allegations contained in Paragraph 48. Specifically, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 48.

## PRAYER

49. Defendant denies that Plaintiff is entitled to recover as alleged in its Prayer.

## GENERAL

1. Defendant denies all allegations of fact not specifically admitted.

2. This Answer is being filed before the completion of discovery in this case and before all applicable or potentially applicable polices have been provided to Defendant. Defendant reserves the right to amend, modify, or supplement the responses herein based on the evidence developed in this case.

## AFFIRMATIVE DEFENSES

1. Defendant relied on representations from Plaintiff that the policies which purported to provide insurance coverage for sexual misconduct claims would, at a minimum, trigger a duty to defend Defendant in the event that claims of sexual misconduct were made against Defendant. Defendant asserts Plaintiff is estopped from asserting an interpretation of those policies that would exclude or eliminate Plaintiff's duty to defend Defendant from claims arising from allegation of sexual misconduct committed during the coverage period and asserts fraud as a defense to any said interpretation of the insurance coverage.

2. Avoidance of Plaintiff's duty to defend Defendant from allegations of sexual misconduct occurring during the policy period would be unconscionable and against public policy.

## COUNTER-CLAIM

1. Counter-Claim Plaintiff is Terry R. Knighten. (hereinafter "Counter-Plaintiff" for purposes of this Counter-Claim).

2. Counter-Claim Defendant is Philadelphia Indemnity Insurance (hereinafter "Plaintiff"). Plaintiff is a party to this action and may be served with this Counter-Claim by and through its counsel of record. By filing its First Amended Complaint, Plaintiff has submitted itself to the personal jurisdiction of the Court.

3. Counter-Plaintiff asserts his claims against Plaintiff for breach of the insurance agreements, violating Chapter 541 of the Texas Insurance Code and/or violating the Texas Deceptive Trade Practices Act.

4. This Counter-Claim is within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. The Defendants Renew Ministries, Inc., incorrectly named as Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten (the "Insured Parties") have insurance coverage for claims of sexual misconduct during the coverage period of 2011-2017. Said policies were purchased based on representations from Plaintiff that the policies would, at a minimum, entitle said Insured Parties to a defense for claims asserted against them alleging sexual misconduct occurring during the coverage period. Plaintiff has now filed a declaratory judgment action asserting a contradictory position and attempting to avoid its duty to defend. Plaintiff asserts that it, in fact, did not have a duty to defend Insured Parties in two separate causes of action asserting allegation of sexual misconduct occurring within the coverage period.

6. Counter-Plaintiff is an insured party and/or a third party beneficiary of the applicable insurance policy. Counter-Plaintiff is also consumer within the meaning the Texas Deceptive Trade Practices.

7. Counter-Plaintiff asserts that Plaintiff by denying a defense and/or refusing to pay defense costs is in breach of the insurance agreements.

8. Further, Plaintiff sold insurance to Insured Parties based on false or misleading representations, or, material omission intended to induce the purchase of additional insurance coverage.  Specifically, Counter-Plaintiff asserts that Plaintiff is liable to Counter-Plaintiff under the Texas Insurance Code and the Texas Deceptive Trade Practices Act for engaging in unfair and deceptive insurance and business practices

9. In particular, Plaintiff has (1) misrepresented the characteristics, uses, benefits, etc., of the policies sold; and/or (2) misrepresented or failed to disclose material and known information about the insurance policies to induce their purchase.  Further, the action of Plaintiff is unconscionable and would take advantage of the Insured Parties lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

10. Counter-Plaintiff relied on the false, misleading, and/or deceptive trade practices to his detriment.

11. The above asserted violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act were committed by Plaintiff knowingly.

12. Accordingly, Counter-Plaintiff respectfully requests that the Court find and declare as follows:

    A) Plaintiff has a duty to defend the Insured Parties from claims alleging sexual misconduct arising from conducting occurring from 2011-2017, including the *Arp* and *Harvey* lawsuits that are the subject of Plaintiff's declaratory action;

    B) Counter-Plaintiff be awarded recovery of his actual damages;

    C) Counter-Plaintiff be awarded his attorney's fees incurred in pursuing this Counter-Claim;

> D) Additional damages up to three times the amount of actual damages; and
>
> E) Such other and further relief to which Counter-Plaintiff may be entitled.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendant/Counter-Plaintiff Terry R, Knighten prays that Plaintiff take nothing by its suit and that he recover his actual damage, treble damages, attorney-fees, and costs of court against the Plaintiff, together with the declaratory relief requested in its Counter-Claim and such other and further relief to which he may be entitled in the circumstances.

> Respectfully submitted,
>
> CLEMENS & SPENCER
> 112 E. Pecan St. Suite 1300
> San Antonio, Texas 78205-1531
> (210) 227-7121 - Telephone
> (210) 227-0732 - Facsimile
> jowersj@clemens-spencer.com
> cannanm@clemens-spencer.com
> courtneyg@clemens-spencer.com

Dated: March 29, 2017         By:    /s/Jeffrey J. Jowers
                                     Jeffrey J. Jowers
                                     State Bar No. 24012932
                                     Mark J. Cannan
                                     State Bar No. 03743800
                                     Geoffrey N. Courtney
                                     State Bar No. 00790514
                                     **ATTORNEYS FOR DEFENDANT/
                                     COUNTER-PLAINTIFF,
                                     TERRY R. KNIGHTEN**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 29th day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. William R. Pilat
Kane Russell Coleman & Logan PC
5051 Westheimer Rd., 10th Floor
Houston, TX  77056
wpilat@krcl.com

Mr. Leslie E. Katona, Jr.
Cavaretta, Katona & Francis, PLLC
700 N. St. Mary's St., Suite 1500
San Antonio, TX  78205
katonal@ckl-lawyers.com

Mr. Christopher T. Morrow
chris@komieandmorrow.com
Mr. Scott J. Braden
scott@komieandmorrow.com
Komie & Morrow LLP
7703 North Lamar Boulevard, Suite 410
Austin, TX  78752

      /s/Jeffrey J. Jowers
      Jeffrey J. Jowers