# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY § § § *Plaintiff*, § VS. § § RENEW MINISTRIES f/k/a § CELEBRATE LIFE CHURCH, INC. § and TERRY R. KNIGHTEN § § *Defendants*. § | | CIVIL NO. 5:17-cv-00083-FB |

## PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER TO COUNTERCLAIMANT TERRY R. KNIGHTEN'S ORIGINAL COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**Philadelphia Indemnity Insurance Company**, the Plaintiff in the above-numbered and entitled cause ("Philadelphia"), appearing now as a Counter-Defendant, though the undersigned counsel, files this Original Answer to the Original Counterclaim (the "Counterclaim") of Defendant/Counterclaimant Terry R. Knighten ("Knighten"). Because Knighten has asserted its counterclaims against Philadelphia as a part of *Defendant Terry R. Knighten's Original Answer and Counter-claim* (ECF No. 15), Philadelphia is answering only the Counterclaim section at pages 9 through 12 of that pleading instrument.

### I.
### COUNTERCLAIM

1. The averment in numbered paragraph 1 of the Counterclaim requires no response.

2. Philadelphia admits the averments in numbered paragraph 2 of the Counterclaim.

3. Philadelphia admits that Knighten is asserting claims against Philadelphia for breach of the insuring agreement, violating provisions of chapter 541 of the Texas Insurance Code and/or violating provisions of the Texas Deceptive Trade Practices Act, as Knighten avers in numbered paragraph 2 of the Counterclaim, but Philadelphia denies that Knighten is entitled to relief against Philadelphia in this lawsuit under those or any other causes of action.

4. Philadelphia admits the averments in numbered paragraph 4 of the Counterclaim.

5. Philadelphia denies the averment in the first sentence of numbered paragraph 5 of the Counterclaim that Renew Ministries, Inc. and Knighten "have insurance coverage for claims of sexual misconduct during the coverage period of 2011-2017. By way of further answer, Philadelphia alleges it issued insurance policies, for the period from December 16, 2011 to June 1, 2017, which provide or Physical Abuse or Molestation Vicarious Liability Coverage, on a claims-made basis, under policy form PI-SO-007 (7/96), pursuant to the Declarations, endorsements, limitations, exclusions and other terms and conditions made a part of such coverage. Philadelphia denies the averments in the second sentence of numbered paragraph 5 of the Counterclaim pertaining to the representations Knighten alleges Philadelphia made and any reliance upon such purported

representations. Philadelphia also denies the averments in the third and fourth sentences of numbered paragraph 5 of the Counterclaim.

6. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments in the first and second sentences of numbered paragraph 5 of the Counterclaim.

7. Philadelphia denies each and every one of the averments in numbered paragraph 7 of the Counterclaim.

8. Philadelphia denies each and every one of the averments in numbered paragraph 8 of the Counterclaim.

9. Philadelphia denies each and every one of the averments in the first and second sentences of numbered paragraph 9 of the Counterclaim.

10. Philadelphia denies each and every one of the averments in numbered paragraph 10 of the Counterclaim.

11. Philadelphia denies each and every one of the averments in the first and second sentences of numbered paragraph 11 of the Counterclaim, including the predicate averment that Philadelphia committed any violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act.

12. A) Philadelphia admits that in numbered paragraph 12 and subparagraph A to that paragraph of the Counterclaim, Knighten has asked the Court to declare that Philadelphia "has a duty to defend the Insured Parties from claims involving sexual misconduct arising from conducting [sic] occurring from 2011-2017, including the *Arp* and *Harvey* lawsuits that are the subject of Plaintiff's

declaratory judgment action", but Philadelphia denies that Knighten is entitled to such a declaration by way of its counterclaims.

B) Philadelphia admits that in numbered paragraph 12 and subparagraph B to that paragraph of the Counterclaim, Knighten has asked the Court to find that Knighten be awarded recovery of his actual damages, but Philadelphia denies that Knighten has sustained any actual damages or that he is entitled to an award of his actual damages, or any other relief or recovery by way of this lawsuit or his counterclaims.

C) Philadelphia admits that in numbered paragraph 12 and subparagraph C to that paragraph of the Counterclaim, Knighten has asked the Court to find that Knighten be awarded any attorney's fees he incurred in prosecuting his counterclaims, but Philadelphia denies that Knighten is entitled to such relied or any other relief or recovery by way of this lawsuit or his counterclaims.

D) Philadelphia admits that in numbered paragraph 12 and subparagraph D to that paragraph of the Counterclaim, Knighten has asked the Court to find that Knighten is entitled to recover additional damages up to three times the amount of his actual damages, but Philadelphia denies that Knighten has sustained any actual damages or that he is entitled to an award of his actual damages, any multiple of such alleged damages, or any other relief or recovery by way of this lawsuit or his counterclaims.

E) Philadelphia denies that Knighten is entitled to any relief, as he generally avers in numbered paragraph 12 and subparagraph E to that paragraph of the Counterclaim.

**PRAYER**

Philadelphia denies that Knighten is entitled to any of the relief or damages he seeks in the final, unnumbered paragraph of the Counterclaim. Philadelphia further denies that Knighten is entitled to any of the relief or recovery he seeks by way of the Counterclaim.

## II.
### PHILADELPHIA'S AFFIRMATIVE DEFENSES

**First Affirmative Defense: Failure to State a Claim**

1. Philadelphia affirmatively asserts that Knighten's counterclaims fail to state a claim or cause of action upon which relief may be granted.

2. Philadelphia reserves the right to raise additional affirmative defenses that become apparent throughout the course of this litigation.

BASED ON THE FOREGOING, Plaintiff/Counter-Defendant Philadelphia Indemnity Insurance Company, having fully answered Terry R. Knighten's Original Counterclaim, prays that upon final trial and hearing hereof, Terry R. Knighten take nothing by way of his counterclaims in this action, that Philadelphia Indemnity Insurance Company recover those attorneys' fees, expenses and costs of court it incurs in defending such counterclaims, and that that Philadelphia

Indemnity Insurance Company receive such other and further relief, both general and special, whether at law or in equity, to which it may be justly entitled.

Dated: March 30, 2017

Respectfully submitted,

   */s/   William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7499
E-mail: wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR PHILADELPHIA INDEMNITY INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2017, a true and correct copy of the foregoing pleading instrument was forwarded to all other counsel of record, as listed below, through the CM/ECF system of the Clerk's Office of the Western District of Texas:

Jeffrey J. Jowers
Mark J. Canaan
Geoffrey Courtney
CLEMENS & SPENCER, P.C.
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205

Leslie E. Katona, Jr.
CAVARETTA, KATONA & FRANCIS, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205

Scott J. Braden
Christopher T. Morrow
KOMIE & MORROW LLP
7703 N. Lamar Blvd., Suite 410
Austin, Texas 78752

                                                           */s/ William R. Pilat*
                                                           William R. Pilat