IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>Plaintiff, | § § § § | |
| V. | § | No. 5:17-CV-00083-FB |
| RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC., and TERRY R. KNIGHTEN,<br>Defendants | § § § § § § | |

## DEFENDANT RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC.'S ORIGINAL ANSWER AND COUNTER-CLAIM

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc., incorrectly sued herein as renew Ministries known as Celebrate Life Church, Inc., ("Defendant Renew Ministries") hereby files its Original Answer to Plaintiff's First Amended Complaint for Declaratory Judgment and Counter-Claim.

### I.
### JURISDICTION AND VENUE

1.  Defendant Renew Ministries admits the allegations contained in Paragraph 1.

### II.
### PARTIES

2.  Defendant Renew Ministries admits the allegations contained in Paragraph 2.

3.  Defendant Renew Ministries admits that the correct name for Renew Ministries f/k/a Celebrate Life Church, Inc., is Renew Ministries, Inc., that its name was Celebrate Life Church, Inc., until it filed a certificate of amendment in May of 2012, that it is a Texas not-for-profit corporation, that it conducts business in Texas and that it maintains a principal place of

business in New Braunfels, Comal County, Texas. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 3.

4. Defendant Renew Ministries admits the allegations contained in Paragraph 4.

5. Defendant Renew Ministries admits that Plaintiff filed a suit seeking a declaration of the parties' rights and duties under various policies of insurance as they relate to two lawsuits pending in state district court in Comal County, Texas. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 5.

### III.
### FACTUAL BACKGROUND

6. Defendant Renew Ministries admits the allegations contained in Paragraph 6.

7. Defendant Renew Ministries admits that Exhibit A to Plaintiff's First Amended Complaint referenced in Paragraph 7 of the Plaintiff's First Amended Complaint is a true and correct copy of the current live pleading in the *Arp* lawsuit. Defendant Renew Ministries further admits that the live pleading in the *Arp* lawsuit includes the factual allegations recited in paragraph 7 by Plaintiff. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 7.

8. Defendant Renew Ministries admits the allegations contained in Paragraph 8.

9. Defendant Renew Ministries admits that Exhibit B to Plaintiff's First Amended Complaint referenced in Paragraph 9 of the Plaintiff's First Amended Complaint is a true and correct copy of the current live pleading in the Harvey lawsuit. Defendant Renew Ministries further admits that the live pleading in the Harvey lawsuit includes the factual allegations recited in paragraph 9 by Plaintiff. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 9.

10. Defendant Renew Ministries admits the current live pleadings in the Arp lawsuit

and the Harvey lawsuit include the allegations recited by Plaintiff in Paragraph 10. Defendant Renew Ministries denies the remainder of the allegations contained in paragraph 10.

11. Defendant Renew Ministries admits that the respective plaintiffs in the Arp lawsuit and the Harvey lawsuit are both asserting that Defendant Knighten is liable for breach of fiduciary duty, assault, negligence and gross negligence, intentional infliction of emotional distress, and sexual exploitation by a mental health services provider. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 11.

12. Defendant Renew Ministries admits that Renew Ministries and Celebrate Life Church, Inc., have been sued as separate parties in the *Arp* lawsuit and the Harvey lawsuit for claims of sexual exploitation by a mental health service provider and negligent and grossly negligent hiring, supervising, training and retention of Defendant Knighten. Defendant Renew Ministries denies the remainder of the allegations contained in Paragraph 12.

13. Defendant Renew Ministries admits the allegations contained in Paragraph 13.

14. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "C" to its First Amended Complaint a document that is purported to be the declaration page for the 2011- 2012 policy, Policy No. PHPK806951 and that Plaintiff issued on insurance policy to Defendant Renew Ministries (then known as Celebrate Life Church, Inc.) under Policy No. PHPK806951 for the policy period 12/16/2011 to 12/16/2012. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 14.

15. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "D" to its First Amended Complaint a document that is purported to be copy of the Declarations page for the 2012-2013 policy, Policy No. PHPK957101 and that Plaintiff issued on insurance policy to Defendant Renew Ministries under Policy No. PHPK957101 for the policy period 12/16/2012

to 12/16/2013. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15.

16. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "E" to its First Amended Complaint a document that is purported to be a copy of the Declarations page for the 2013-2014 policy, Policy No. PHPK1110916 and that Plaintiff issued on insurance policy to Defendant Renew Ministries under Policy No. PHPK1110916 for the policy period 12/16/2013 to 12/16/2014. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16.

17. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "F" to its First Amended Complaint a document that purports to be the Declarations page for the 2014-2015 policy, Policy No. PHPK1270218 and that Plaintiff issued on insurance policy to Defendant Renew Ministries under Policy No. PHPK1270218 for the policy period 12/16/2014 to 12/16/2015. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "G" to its First Amended Complaint a document that purports to be the Declarations page for the 2015-2016 policy and that Policy No. PHPK1270218 was extended to 6/1/2016. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17.

18. Defendant Renew Ministries admits that Plaintiff has attached as Exhibit "H" to its First Amended Complaint a document that purports to be the Declarations page for the 2016-2017 policy, Policy No. PHPK1505125 and that Plaintiff issued on insurance policy to Defendant Renew Ministries under Policy No. PHPK1505125 for the policy period 06/01/2016 to 06/01/2017. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 18.

19. Defendant Renew Ministries admits that the applicable insurance policies provided by Plaintiff to Defendant Renew Ministries include, Commercial General Liability Coverage, Professional Liability Coverage, and Sexual or Physical Abuse or Molestation coverage (the "Policy"). Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 19.

20. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20.

21. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21.

22. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained Paragraph 22.

23. Defendant Renew Ministries admits that the Plaintiff's duty to defend extends to the Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 23.

24. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 24.

25. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25.

26. Defendant Renew Ministries admits that the Plaintiff's duty to defend extends to the Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegation contained in Paragraph 26.

27. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 27.

28. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28.

29. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 29.

30. Defendant Renew Ministries admits that Defendants Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten are insureds and/or qualify as insureds. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 30.

31. Defendant Renew Ministries admits that Plaintiff's duty to defend extends to Defendants' Renew Ministries f/k/a Celebrate Life Church, Inc., and Terry R. Knighten. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 31.

32. Defendant Renew Ministries lacks sufficient knowledge to admit or deny that allegations contained in Paragraph 32.

33. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33.

34. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 34.

35. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 35.

36. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the

allegations contained in Paragraph 36.

37. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 37.

38. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38.

39. Defendant Renew Ministries lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39.

40. Defendant Renew Ministries lacks sufficient information to admit or deny the allegations contained in Paragraph 40.

41. Defendant Renew Ministries lacks sufficient information to admit or deny the allegations contained in Paragraph 41.

42. Defendant lacks Renew Ministries sufficient information to admit or deny the allegations contained in Paragraph 42.

43. Defendant Renew Ministries lacks sufficient information to admit or deny the allegations contained in Paragraph 43.

44. Defendant Renew Ministries lacks sufficient information to admit or deny the allegations contained in Paragraph 44.

45. Defendant Renew Ministries lacks sufficient information to admit or deny the allegations contained in Paragraph 45.

## IV.
## DECLARATORY JUDGMENT ACTION

46. Defendant Renew Ministries incorporates his answers to Paragraph 6 through 45.

47. Defendant Renew Ministries admits the allegations contained in Paragraph 47.

48. Defendant Renew Ministries admits that Plaintiff filed this lawsuit seeking a

judicial determination that it did not owe under the insurance policies issued a duty to defend Defendants in the *Arp* and *Harvey* lawsuits. Defendant Renew Ministries denies the remaining allegations contained in Paragraph 48. Specifically, Defendant Renew Ministries denies that Plaintiff is entitled to the relief sought in Paragraph 48.

## PRAYER

49. Defendant Renew Ministries denies that Plaintiff is entitled to recover as alleged in its Prayer.

## GENERAL

1. Defendant Renew Ministries denies all allegations of fact not specifically admitted.

2. This Answer is being filed before the completion of discovery in this case and before all applicable or potentially applicable polices have been obtained and adequately reviewed by Defendant Renew Ministries. Defendant Renew Ministries reserves the right to amend, modify, or supplement the responses herein based on the evidence developed in this case.

## AFFIRMATIVE DEFENSES

1. Defendant Renew Ministries relied on representations from Plaintiff that the policies which purported to provide insurance coverage for sexual misconduct claims would, at a minimum, trigger a duty to defend Defendant Renew Ministries in the event that claims of sexual misconduct were made against Defendant Renew Ministries. Defendant Renew Ministries asserts Plaintiff is estopped from asserting an interpretation of those policies that would exclude or eliminate Plaintiff's duty to defend Defendant Renew Ministries from claims arising from allegation of sexual misconduct committed during the coverage period and asserts fraud as a defense to any said interpretation of the insurance coverage.

2. Avoidance of Plaintiff's duty to defend Defendant Renew Ministries from allegations of sexual misconduct occurring during the policy period would be unconscionable and against public policy.

## COUNTER-CLAIM

1. Counter-Claim Plaintiff is Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc. (hereinafter "Counter- Plaintiff" for purposes of this Counter-Claim).

2. Counter-Claim Defendant is Philadelphia Indemnity Insurance (hereinafter "Philadelphia"). Plaintiff/Counter-Claim Defendant Philadelphia is a party to this action and may be served with this Counter-Claim by and through its counsel of record. By filing its First Amended Complaint, Plaintiff/Counter-Claim Defendant Philadelphia has submitted itself to the personal jurisdiction of the Court.

3. Counter-Plaintiff Renew Ministries asserts its claims against Plaintiff/Counter-Claim Defendant Philadelphia for breach of the insurance agreements, violating Chapter 541 of the Texas Insurance Code and/or violating the Texas Deceptive Trade Practices Act.

4. This Counter-Claim is within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. The Counter-Plaintiff Renew Ministries, incorrectly named as Renew Ministries f/k/a Celebrate Life Church, Inc. has insurance coverage for claims of sexual misconduct during the coverage period of 2011-2017. Said policies were purchased based on representations from Plaintiff that the policies would, at a minimum, entitle said Counter-Plaintiff Renew Ministries to a defense for claims asserted against them alleging sexual misconduct occurring during the coverage period. Plaintiff/Counter-Claim Defendant Philadelphia has now filed a declaratory judgment action asserting a contradictory position and attempting to avoid its duty to defend.

Plaintiff/Counter-Claim Defendant Philadelphia asserts that it, in fact, did not have a duty to defend Insured Parties in two separate causes of action asserting allegation of sexual misconduct occurring within the coverage period.

6. Counter-Claim Plaintiff Renew Ministries is an insured party under the applicable insurance policy(ies). Counter-Claim Plaintiff Renew Ministries is also consumer within the meaning the Texas Deceptive Trade Practices.

7. Counter-Claim Plaintiff Renew Ministries asserting that it has no duty to provide a defense asserts that Plaintiff/Counter-Claim Defendant Philadelphia by denying a defense, refusing to pay defense costs and/or is in breach of the insurance agreements.

8. Further, Plaintiff/Counter-Claim Defendant Philadelphia sold insurance to Counter-Claim Plaintiff Renew Ministries based on false or misleading representations, or, material omission intended to induce the purchase of additional insurance coverage. Specifically, Counter-Claim Plaintiff Renew Ministries asserts that Plaintiff/Counter-Claim Defendant Philadelphia is liable to Counter-Claim Plaintiff Renew Ministries under the Texas Insurance Code and the Texas Deceptive Trade Practices Act for engaging in unfair and deceptive insurance and business practices

9. In particular, Plaintiff/Counter-Claim Defendant Philadelphia has (1) misrepresented the characteristics, uses, benefits, etc., of the policies sold; and/or (2) misrepresented or failed to disclose material and known information about the insurance policies to induce their purchase. Further, the action of Plaintiff/Counter-Claim Defendant Philadelphia is unconscionable and would take advantage of Counter-Claim Plaintiff Renew Ministries lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

10. Counter-Claim Plaintiff Renew Ministries relied on the false, misleading, and/or

deceptive trade practices to its detriment.

11. The above asserted violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act were committed by Plaintiff/Counter-Claim Defendant Philadelphia knowingly.

12. Accordingly, Counter-Claim Plaintiff Renew Ministries respectfully requests that the Court find and declare as follows:

- A) Plaintiff/Counter-Claim Defendant Philadelphia has a duty to defend Counter-Claim Plaintiff Renew Ministries from claims alleging sexual misconduct arising from conducting occurring from 2011-2017, including the Arp and Harvey lawsuits that are the subject of Plaintiff's declaratory action;

- B) Counter-Claim Plaintiff Renew Ministries be awarded recovery of its actual damages;

- C) Counter-Claim Plaintiff Renew Ministries be awarded its attorney's fees incurred in pursuing this Counter-Claim;

- D) Additional damages up to three times the amount of actual damages; and

- E) Such other and further relief to which Counter-Claim Plaintiff Renew Ministries may be entitled.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant/Counter-Claim Plaintiff Renew Ministries prays that Plaintiff take nothing by its suit and that it recover its actual damage, treble damages, attorney-fees, and costs of court against the Plaintiff/Counter-Claim Defendant Philadelphia, together with the declaratory relief requested in its Counter-Claim and such other and further relief to which it may be entitled in the circumstances.

Respectfully submitted,

**CAVARETTA, KATONA & LEIGHNER**
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500

San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
katonal@ckl-lawyers.com

_____
**LES KATONA, JR.**
State Bar No. 11106680

**ATTORNEYS FOR DEFENDANT,
RENEW MINISTRIES f/k/a CELEBRATE
LIFE CHURCH, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of March, 2017, a true and correct copy of the above and foregoing document was furnished to all counsel of record as indicated below:

William R. Pilat                                *VIA ELECTRONIC FILING SERVICE*
Kane Russell Coleman & Logan PC
5051 Westheimer Rd., 10th Floor
Houston, Texas 77056
wpilat@krcl.com
Attorney for Plaintiff

Jeffrey J. Jowers                               *VIA ELECTRONIC FILING SERVICE*
Clemens & Spencer
112 E. Pecan St., Suite 1300
San Antonio, Texas 78205
cannanm@clemens-spencer.com
jowersj@clemens-spencer.com
Attorneys for Defendant Terry Knighten

Christopher T. Morrow                           *VIA ELECTRONIC FILING SERVICE*
Scott J. Braden
Komie & Morrow LLP
7703 North Lamar Blvd., Suite 410
Austin, Texas 78752
chris@komieandmorrow.com
scott@komieandmorrow.com

_____
**LES KATONA, JR.**

6323-004/62352
Renew Ministries Original Answer
Page 12