IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | |
| VS. | § | CIVIL NO. 5:17-cv-00083-FB |
| | §<br>§ | |
| RENEW MINISTRIES f/k/a<br>CELEBRATE LIFE CHURCH, INC.<br>and TERRY R. KNIGHTEN | §<br>§<br>§<br>§ | |
| *Defendants.* | § | |

**PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
ORIGINAL ANSWER TO RENEW MINISTRIES F/K/A
CELEBRATE LIFE CHURCH'S ORIGINAL COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**Philadelphia Indemnity Insurance Company**, the Plaintiff in the above-numbered and entitled cause ("Philadelphia"), appearing now as a Counter-Defendant, though the undersigned counsel, files this Original Answer to the Original Counterclaim (the "Counterclaim") of Defendant/Counterclaimant Renew Ministries f/k/a Celebrate Life Church ("Renew Ministries"). Because Renew Ministries has asserted its counterclaims against Philadelphia as a part of *Defendant Renew Ministries f/k/a Celebrate Life Church's Original Answer and Counter-claim* (ECF No. 17), Philadelphia is answering only the Counterclaim section at pages 9 through 12 of that pleading instrument.

# I.

## COUNTERCLAIM

1. The averment in numbered paragraph 1 of the Counterclaim requires no response.

2. Philadelphia admits the averments in numbered paragraph 2 of the Counterclaim.

3. Philadelphia admits that Renew Ministries is asserting claims against Philadelphia for breach of the insuring agreement, violating provisions of chapter 541 of the Texas Insurance Code and/or violating provisions of the Texas Deceptive Trade Practices Act, as Renew Ministries avers in numbered paragraph 3 of the Counterclaim, but Philadelphia denies that Renew Ministries is entitled to relief against Philadelphia in this lawsuit under those or any other causes of action.

4. Philadelphia admits the averments in numbered paragraph 4 of the Counterclaim.

5. Philadelphia denies the averment in the first sentence of numbered paragraph 5 of the Counterclaim that Renew Ministries "has insurance coverage for claims of sexual misconduct during the coverage period of 2011-2017." By way of further answer, Philadelphia alleges it issued insurance policies, for the period from December 16, 2011 to June 1, 2017, which provide Renew Ministries with Physical Abuse or Molestation Vicarious Liability Coverage, on a claims-made basis, under policy form PI-SO-007 (7/96), pursuant to the Declarations, endorsements, limitations, exclusions and other terms and conditions made a part of such

coverage. Philadelphia denies the averments in the second sentence of numbered paragraph 5 of the Counterclaim pertaining to the representations Renew Ministries alleges Philadelphia made and any reliance upon such purported representations. Philadelphia also denies the averments in the third and fourth sentences of numbered paragraph 5 of the Counterclaim.

6. Philadelphia admits the averment in the first sentence of numbered paragraph 6 of the Counterclaim. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averment in the second sentence of numbered paragraph 6 of the Counterclaim.

7. The averments in numbered paragraph 7 of the Counterclaim are ambiguous and cannot be understood. Philadelphia therefore denies each and every one of the averments in numbered paragraph 7 of the Counterclaim.

8. Philadelphia denies each and every one of the averments in the first sentence of numbered paragraph 8 of the Counterclaim. Philadelphia admits that Renew Ministries asserts that Philadelphia is liable to Renew Ministries under the Texas Insurance Code and the Texas Deceptive Trade Practices Act for engaging in unfair and deceptive insurance and business practices, but Philadelphia denies it is liable it engaged in any such wrongful acts or omissions, that it is liable under either of those statutes, or that Renew Ministries is entitled to relief against Philadelphia in this lawsuit under either of those causes of action.

9. Philadelphia denies each and every one of the averments in numbered paragraph 9 of the Counterclaim.

10. Philadelphia denies each and every one of the averments in numbered paragraph 10 of the Counterclaim.

11. Philadelphia denies each and every one of the averments in numbered paragraph 11 of the Counterclaim, including the predicate averment that Philadelphia committed any violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act.

12. A) Philadelphia admits that in numbered paragraph 12 and subparagraph A to that paragraph of the Counterclaim, Renew Ministries has asked the Court to declare that Philadelphia "has a duty to defend Counter-Claim Plaintiff Renew Ministries from claims involving sexual misconduct arising from conducting [sic] occurring from 2011-2017, including the Arp and Harvey lawsuits that are the subject of Plaintiff's declaratory judgment action," but Philadelphia denies that Renew Ministries is entitled to such a declaration, or any other relief or recovery, by way of this lawsuit or its counterclaims.

B) Philadelphia admits that in numbered paragraph 12 and subparagraph B to that paragraph of the Counterclaim, Renew Ministries has asked the Court to find that Renew Ministries be awarded recovery of its actual damages, but Philadelphia denies that Renew Ministries has sustained any actual damages or that it is entitled to an award of actual damages, if any, or any other relief or recovery by way of this lawsuit or its counterclaims.

C) Philadelphia admits that in numbered paragraph 12 and subparagraph C to that paragraph of the Counterclaim, Renew Ministries has

asked the Court to find that Renew Ministries be awarded any attorney's fees it incurs in prosecuting its counterclaims, but Philadelphia denies that Renew Ministries is entitled to such relief or any other relief or recovery by way of this lawsuit or its counterclaims.

D) Philadelphia admits that in numbered paragraph 12 and subparagraph D to that paragraph of the Counterclaim, Renew Ministries has asked the Court to find that Renew Ministries is entitled to recover additional damages up to three times the amount of its actual damages, but Philadelphia denies that Renew Ministries has sustained any actual damages or that it is entitled to an award of its actual damages, if any, any multiple of such alleged damages, if any, or any other relief or recovery by way of this lawsuit or its counterclaims.

E) Philadelphia denies that Renew Ministries is entitled to any relief, as it generally avers in numbered paragraph 12 and subparagraph E to that paragraph of the Counterclaim.

**PRAYER**

Philadelphia denies that Renew Ministries is entitled to any of the relief or damages it seeks in the final, unnumbered paragraph of the Counterclaim. Philadelphia further denies that Renew Ministries is entitled to any of the relief or recovery it seeks by way of the Counterclaim.

## II.

## PHILADELPHIA'S AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

1. Philadelphia affirmatively asserts that Renew Ministries' counterclaims fail to state a claim or cause of action upon which relief may be granted.

2. Philadelphia reserves the right to raise additional affirmative defenses that become apparent throughout the course of this litigation.

BASED ON THE FOREGOING, Plaintiff/Counter-Defendant Philadelphia Indemnity Insurance Company, having fully answered Defendant/Counter-Claimant Renew Ministries f/k/a Celebrate Life Church's Original Counterclaim, prays that upon final trial and hearing hereof, Renew Ministries f/k/a Celebrate Life Church take nothing by way of its counterclaims in this action, that Philadelphia Indemnity Insurance Company recover those attorneys' fees, expenses and costs of court it incurs in defending such counterclaims, and that that Philadelphia Indemnity Insurance Company receive such other and further relief, both general and special, whether at law or in equity, to which it may be justly entitled.

Dated: May 1, 2017

Respectfully submitted,

_/s/ William R. Pilat_
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7499
E-mail: wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR PHILADELPHIA INDEMNITY INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, a true and correct copy of the foregoing pleading instrument was forwarded to all other counsel of record, as listed below, through the CM/ECF system of the Clerk's Office of the Western District of Texas:

Leslie E. Katona, Jr.
CAVARETTA, KATONA & FRANCIS, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205

Jeffrey J. Jowers
Mark J. Canaan
Geoffrey Courtney
CLEMENS & SPENCER, P.C.
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205

Scott J. Braden
Christopher T. Morrow
KOMIE & MORROW LLP
7703 N. Lamar Blvd., Suite 410
Austin, Texas 78752

                                             */s/ William R. Pilat*
                                             William R. Pilat