IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| VS. | | CIVIL NO. 5:17-cv-00083-FB |
| RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC. and TERRY R. KNIGHTEN, | | |
| *Defendants.* | | |

**PLAINTIFF'S REPLY TO INTERVENORS' RESPONSE
TO PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS
INTERVENORS' COUNTERCLAIM FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), through the undersigned counsel, submits this Reply to Intervenors' Response to Philadelphia's Rule 12(b)(6) Motion to Dismiss the Counterclaim for Declaratory Relief filed by Intervenors Amy Arp and Kristen Harvey's ("Intervenors").

**I.**

1. Texas prohibits third-party claimants from bringing direct actions against insurers.[1]

2. Intervenors cite *AIX Specialty Insurance Co. v. BBL Investments, Inc.*, Civ. No. 4:14-CV-2645, 2015 WL 12778400, *2 (S.D. Tex. Aug. 18, 2015), as a

---

[1] *In re Essex Ins. Co.,* 450 S.W.3d 524, 525 (Tex. 2014) (per curiam). Philadelphia's Motion to Dismiss (Doc. 22) discusses *Essex* at length.

purported exception to the "no direct action" rule.[2] Contrary to Intervenor's assertions, *AIX* neither sets forth an exception to the "no direct action" rule nor otherwise supports Intervenors' arguments.

3. In *AIX*, an insurer sued its insured and the third-party claimant in the same lawsuit. *AIX Specialty Ins. Co. v. BBL Invs., Inc.*, 2015 WL 12778400, at *1. The third-party claimant asserted counterclaims against the insurer for, among other things, declaratory relief on coverage issues. *Id*. The insurer filed a motion to dismiss the claimant's counterclaims, asserting the "no direct action rule." *Id*.

4. Judge Kenneth Hoyt denied the insurer's motion and found the no-direct action rule inapplicable because the insurer joined the third-party claimant in the first place:

> Contrary to AIX's position, the Court has subject matter jurisdiction over Moreno's counterclaims because AIX is the party that brought him into the pending action. *See, e.g.*, *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co.*, 677 F.3d 250, 257 n.5 (5th Cir. 2012) (applying *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. 1981), where court held that injured third parties, brought into declaratory judgment suit by plaintiff-insurer, had standing to appeal district court judgment denying coverage); *Commerce & Indus. Ins. Co. v. Alexander*, Civ. No. H–11–3939, 2012 WL 3046011, at *2-3 (S.D. Tex. July 25, 2012) (Werlein, J.). In so doing, it conferred on Moreno standing to bring counterclaims against it.
>
> Naming Moreno as a defendant has the additional effect of undercutting AIX's "no direct action" argument. The "no direct action" rule is relevant when an injured third party brings suit, not when the insurer or the insured defendant seeks declaratory relief. *In re Essex Ins. Co.*, 450 S.W.3d 524, 527 (Tex. 2014) (distinguishing cases that fail to implicate "no direct action" rule "because in each of these cases, it

---

[2] Doc. 23, *Intervenor's Response to Plaintiff's 12(b)(6) Motion to Dismiss Intervenors' Counterclaim for Declaratory Relief*, at 4-6 and n.1.

was the insurer or the insured defendant, not the plaintiff, who sought declaratory relief, or the insured defendant's liability to the plaintiff had in fact been determined before the declaratory judgment suit was filed"). Unlike the plaintiffs in *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam), and *State Farm Cnty Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam), Moreno did not file suit against AIX. AIX misguidedly relies on these cases to challenge jurisdiction over Moreno's counterclaims.

*Id.*

5. Unlike the insurer in *AIX,* Philadelphia did not join Intervenors in its first-party coverage lawsuit. Therefore, *AIX* does not support Intervenors' claimed right to proceed directly against Philadelphia in this case. Because Intervenors' direct action against Philadelphia violates Texas' "no direct action" rule, their claims for affirmative relief must be dismissed pursuant to Rule 12(b)(6).

## II.

6. Intervenors separately argue Philadelphia cannot bring its Rule 12(b)(6) motion because Philadelphia did not oppose Intervenor's Joint Motion to Intervene. This argument also lacks merit. Intervenors' Answer in Intervention and ensconced counterclaim were not accepted as pleadings in this case until after (a) the Court granted Intervenors' motion for leave and (b) Intervenors then re-filed the pleading in compliance with the Court's Order on the motion for leave.[3]

7. Under Rule 12(b)(6), a motion to dismiss for failure to state a claim is timely so long as it is filed prior to the movant's answer. FED. R. CIV. P. 12(b)(6).

---

[3] Notably, the Court's Order granting the Joint Motion to Intervene permitted Intervenors to "…**traditionally file** their Answer in Intervention attached to the Motion on or before May 17, 2017." Doc. 19 (emphasis in original). In fact, the Order makes no mention of a counterclaim.

Because Philadelphia timely filed its Rule 12(b)(6) motion before answering Intervenors' counterclaim, the motion is properly before the Court. *Id.;* FED. R. CIV. P. 12(a)(1)(B).

## PRAYER

Based on the foregoing, Plaintiff Philadelphia Indemnity Insurance Company asks the Court to dismiss with prejudice Intervenors Amy Arp and Kristen Harvey's counterclaims for declaratory relief, and that Plaintiff have all other and further relief, whether at law or in equity, to which it may be justly entitled.

Dated: May 30, 2017

Respectfully submitted,

/s/   *William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile:  713-425-7700
E-mail:  wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

Andrew J. Mihalick
Texas Bar No. 24046439
Appearing Pro Hac Vice
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:   713-425-7700
Email:  amihalick@krcl.com

## CERTIFICATE OF SERVICE

      This is to certify that on May 30, 2017, a true and correct copy of the foregoing *Plaintiff's Reply to Intervenors' Response to Plaintiff's Rule 12(b)(6) Motion to Dismiss Intervenors' Counterclaim for Declaratory Relief* was forwarded to all other counsel of record, as listed below, by electronic transmission through the electronic case filing system of the United States District Court for the Western District of Texas:

    Jeffrey J. Jowers
    Mark J. Canaan
    Geoffrey Courtney
    CLEMENS & SPENCER, P.C.
    112 E. Pecan Street, Suite 1300
    San Antonio, Texas 78205

    Leslie E. Katona, Jr.
    CAVARETTA, KATONA & FRANCIS, PLLC
    One Riverwalk Place
    700 N. St. Mary's Street, Suite 1500
    San Antonio, Texas 78205

    Scott J. Braden
    Christopher T. Morrow
    KOMIE & MORROW LLP
    7703 N. Lamar Blvd., Suite 410
    Austin, Texas 78752

                                        */s/  William R. Pilat*
                                        William R. Pilat

**PLAINTIFF'S REPLY TO INTERVENOR'S RESPONSE TO PLAINTIFF'S RULE 12(b)(6)
MOTION TO DISMISS INTERVENORS' COUNTERCLAIM FOR DECLARATORY RELIEF**    **PAGE 5**

5332222 v1 (55220.00252.000)