# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**, | § § § | |
| *Plaintiff,* | § § | |
| **VS.** | § § | **CIVIL NO. 5:17-cv-00083-FB** |
| **RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC. and TERRY R. KNIGHTEN**, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "Philadelphia") files this Second Amended Complaint for Declaratory Judgment, complaining of Defendants Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc. and Terry Knighten. Plaintiff is filing this amended pleading with a motion for leave.

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441(b), because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper in the Western District of Texas, San Antonio

Division, because the corporate defendant's primary place of business is located in this District and Division, and the individual defendant resides in this District and Division.

## II.

### PARTIES

2.      Plaintiff Philadelphia Indemnity Insurance Company is a foreign insurance company with its principal place of business located in Bala Cynwyd, Pennsylvania. Philadelphia is duly authorized to engage in the business of insurance in the State of Texas, and does engage in such business in Texas.

3.      Defendant Renew Ministries, known as Celebrate Life Church, Inc. until it filed a certificate of assumed name and then a certificate of amendment with the Texas Secretary of State in May 2012, is a Texas not-for-profit corporation duly authorized to conduct business in Texas. Renew Ministries, formerly known as Celebrate Life Church, Inc. (hereinafter sometimes referred to as "Renew") does conduct business in Texas. Service of process is not necessary, as Renew has already answered and appeared in this action.

4.      Defendant Terry R. Knighten ("Knighten"). is an individual and a resident of New Braunfels, Comal County, Texas. Service of process is not necessary, as Knighten has already answered and appeared in this action.

## III.

### FACTUAL BACKGROUND

5.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Philadelphia seeks a declaration of the parties' rights and duties under various

---

policies of insurance Philadelphia issued to Renew, specifically as those policies relate to claims asserted in three underlying lawsuits pending in state district courts in Comal County, Texas.

**The Underlying Lawsuits**

### A. *The Arp Lawsuit*

6.     On October 18, 2016, Amy Arp commenced a lawsuit in state court in Comal County, Texas. Numbered and styled as Cause No. C2016-1722C, *Amy Arp v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, that lawsuit is pending before the 274th Judicial District Court of Comal County, Texas (the "Arp lawsuit").

7.     Plaintiff's Original Petition remains the plaintiff's live pleading in the Arp lawsuit. A true and correct copy of Plaintiff's Original Petition in the Arp lawsuit is attached to this pleading as **Exhibit 1** and incorporated into this pleading for all purposes. It includes these substantive factual allegations:

> 9.    This lawsuit arises from numerous nonconsensual sexual assaults, advances, and encounters between Plaintiff and Defendant Knighten spanning a ten (10) year period from approximately 2005 to the end of 2015 while Plaintiff was a parishioner of Defendants Renew and Celebrate Life seeking marital counseling from Defendant Knighten (Pastor and Board Member of Defendants Renew and Celebrate Life), as well as a volunteer and employee of Defendant. (Emphasis added.)

> 10.   Plaintiff, a parishioner of Defendants Renew and Celebrate Life since approximately 2003 at the age of 19, first sought counseling from Defendant Knighten for marital difficulties in approximately 2005. This marital counseling between Plaintiff and Defendant Knighten regarding Plaintiff's former marriage spanned the time period of 2005 - 2015.

11.   Shortly after the marital counseling began, Defendant Knighten began taking advantage of Plaintiff's trust and confidence forged as Plaintiff's marital counselor and Pastor, by making unwanted and nonconsensual sexual advances upon Plaintiff. First, in approximately 2005, Defendant Knighten requested that Plaintiff pull her shirt down while the two were unpacking children's church items on Defendants Renew and Celebrate Life's premises. Approximately six (6) months later Defendant Knighten had nonconsensual sexual intercourse with Plaintiff on Defendants Renew and Celebrate Life's premises.

12.   Such nonconsensual sexual encounters happened numerous times from the first two encounters in 2005 until the last incident of nonconsensual sexual intercourse, which again occurred on the premises of Defendants Renew and Celebrate Life on December 24, 2015. Such encounters and incidents happened on a monthly basis from 2014 - 2015 in Defendant Knighten's church office, and in Defendants Renew and Celebrate Life's classroom and church. Upon information and belief all such incidents occurred while Defendant Knighten was in the course and scope of his employment with Defendants Renew and Celebrate Life.

13.   At no time during Defendant Knighten's sexual assaults on Plaintiff did Defendants Renew and Celebrate Life take any actions to assist Plaintiff or otherwise prevent Defendant Knighten from continuing his sexual assaults on Plaintiff. Upon information and belief, Defendants Renew and Celebrate Life knew or should have known that Defendant Knighten was sexually assaulting Plaintiff. Nevertheless, Defendants Renew and Celebrate Life failed to terminate Defendant Knighten. Instead, Defendants Renew and Celebrate Life negligently allowed the sexual assaults to continue without taking any corrective action, reporting any of the incidents to law enforcement, and failing to make its premises safe for its parishioners like Plaintiff.

Exhibit 1 at 3-4.

### B.   *The Harvey Lawsuit*

8.    On October 18, 2016, Kristin Harvey commenced a lawsuit in state court in Comal County, Texas. Numbered and styled as Cause No. C2016-1723D, *Kristen Harvey v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, that lawsuit is pending before the 433rd Judicial District Court of Comal County, Texas (the "Harvey lawsuit").

9.    Plaintiff's Original Petition remains the plaintiff's live pleading in the Harvey lawsuit. A true and correct copy of Plaintiff's Original Petition in the Harvey lawsuit is attached to this pleading as **Exhibit 2** and incorporated into this pleading for all purposes. It includes these substantive factual allegations:

> 9.    This lawsuit arises from a nonconsensual sexual assault occurring between Plaintiff and Defendant Knighten in October 2015 while Plaintiff was a parishioner of Defendants Renew and Celebrate Life seeking marital counseling from Defendant Knighten (Pastor and Board Member of Defendants Renew and Celebrate Life).
>
> 10.   Plaintiff, a parishioner of Defendants Renew and Celebrate Life since approximately 2003 at the age of 13, first sought counseling from Defendant Knighten for marital difficulties in approximately 2015.
>
> 11.   Shortly after the marital counseling began, Defendant Knighten, taking advantage of Plaintiff's trust and confidence forged as Plaintiff's marital counselor and Pastor, began to make unwanted and nonconsensual sexual advances upon Plaintiff. First, in October 2015, while at Defendant Knighten's house. Defendant Knighten cornered Plaintiff and kissed her. Plaintiff did not consent to such actions.
>
> 12.   On the next night, again in Defendant Knighten's home, Defendant Knighten entered a bedroom being occupied by Plaintiff, reached into Plaintiff's underwear, made unwanted contact with Plaintiff and sexually assaulted her.

---

13.   At no time during Defendant Knighten's sexual assaults on Plaintiff did Defendant Renew take any actions to assist Plaintiff or otherwise prevent Defendant Knighten from continuing his sexual assaults on Plaintiff. Upon information and belief, Defendants Renew and Celebrate Life knew or should have known that Defendant Knighten was sexually assaulting Plaintiff. Nevertheless, Defendants Renew and Celebrate Life failed to terminate Defendant Knighten. Instead, Defendants Renew and Celebrate Life negligently allowed the sexual assaults to continue without taking any corrective action, reporting any of the incidents to law enforcement, and failing to make its premises safe for its parishioners like Plaintiff.

Exhibit 2 at 3-4.

### C.   *The Guerrero Lawsuit*

10.   On April 28, 2017, Kristi and Samuel Guerrero filed a lawsuit in state court in Comal County, Texas. Numbered and styled as Cause No. C2017-0741C, *Kristi Guerrero and Samuel Guerrero v. Terry Knighten and Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc.*, that lawsuit is pending before the 274th Judicial District Court of Comal County, Texas (the "Guerrero lawsuit").

11.   Plaintiffs' Original Petition remains the plaintiffs' live pleading in the Guerrero lawsuit. A true and correct copy of Plaintiffs' Original Petition in the Guerrero lawsuit is attached to this pleading as **Exhibit 3** and incorporated into this pleading for all purposes. It includes these factual allegations:

10.   As detailed further herein, this lawsuit arises from numerous instances of nonconsensual sexually exploitative conduct and abuse perpetuated by Knighten against former Renew Ministries' parishioner, Plaintiff Kristi Guerrero ("Kristi") during her time at the church until she left the church in the fall of 2016.

12.   After their marriage, the Guerreros continued their involvement with church leadership. Their relationship with

---

Knighten became one of subservience and devout, unquestioned loyalty to Knighten.  The Guerreros immediately implemented any and all religious instructions coming from the mouth of Knighten as though the same bad come directly from the mouth of God himself.  Every significant life choice made by the Guerreros was first brought to Knighten for his counsel and instruction.

13.  After years of grooming and manipulating the Guerreros into a culture of submission, Knighten–beginning in or around May 2013–began a scheme of sexual exploitation of Kristi. Knighten first began by talking with and texting Kristi on a "one-on-one" basis regarding mundane matters so that she would become comfortable with interacting with him privately. As his servant, Kristi felt both special and honored when Knighten ostensibly singled her out for personal interaction.  At this point, Kristi had no reason to know of Knighten's intentions, as not only was Knighten her trusted pastor, but be was also significantly older, married to another pastor, and a father to adult children.

15.  Due to the subtle and gradual implementation of these tactics. Kristi had been entirely disarmed by the time that Knighten decided to touch her sexually.  The contact first occurred around or near February 2014, when Knighten approached Kristi and began groping and touching her body underneath her shirt and began to simulate oral sex upon her. Renew Ministries' leadership found out about the exploitative conduct and the incident, and Kristi confessed to them the same. But instead of reporting the information to law enforcement and immediately terminating Knighten, the church took no action to protect Kristi against any further exploitation.

16. Due to the church's indifference to Knighten's exploitation, the sexual conduct continued, which led to many instances of Knighten kissing, touching, groping, and/or requesting that Kristi touch Knighten (or that Knighten be permitted to touch her) in a sexual manner, including instance occurring on the church campus with Knighten.  While Kristi knew that this conduct was wrong, she felt powerless to stop or question the sexual advances, as she had fully committed herself to serving him with unquestioned loyalty.

---

18.   These instances of sexual exploitation, inappropriate communications, and/or sexual abuse continued onward up until the Guerreros left the church in October 2016, including another event in the fall of 2015 when one of Knighten's "hugs" once again turned into sexual abuse and intercourse. In the fall of October 2016, the Guerreros quit when allegations surfaced that Knighten had been sexually abusing other women in the church in a similar manner.

Exhibit 3 at 3-6.

12.   The Arp lawsuit, Harvey lawsuit and Guerrero lawsuit (collectively, the "underlying lawsuits") all allege that Renew was a "mere sham and shell organized and operated as the alter ego of individual Defendant Knighten for his personal benefit and advantage, in that individual Defendant Knighten has exercised total dominion and control over [Renew]." Exhibit 1 at 3; Exhibit 2 at 3; Exhibit 3 at 3. Those underlying plaintiffs further allege that Knighten intermingled his personal and financial affairs such that Renew was his alter ego. *See id.*

13.   The underlying lawsuits all assert the same causes of action against Knighten, alleging that he is liable for: (a) breach of fiduciary duty; (b) assault; (c) negligence and gross negligence; (d) intentional infliction of emotional distress; and (e) sexual exploitation by a mental health services provider, in violation of section 81.001(2)(E) of the Texas Civil Practice and Remedies Code. *See* Exhibit 1, ¶¶ 15-23, at 4-7; Exhibit 2, ¶¶ 15-23, at 4-6; Exhibit 3, ¶¶ 22-30.

14.   The plaintiffs in the Arp lawsuit and the Harvey lawsuit, and Kristi Guerrero in the Guerrero lawsuit, assert the same causes of action against Renew, seeking damages for: (a) sexual exploitation by a mental health services provider, in

---

violation of section 81.002 of the Texas Civil Practice and Remedies Code; and (b) negligent and grossly negligent hiring, supervising, training and retention of Knighten. *See* Exhibit 1, ¶¶ 24-29, at 7-9; Exhibit 2, ¶¶ 24-29, at 9; Exhibit 3, ¶¶ 31-36, at 9-11. Samuel Guerrero has sued Renew for breach of fiduciary duty. *See* Exhibit 3, ¶¶ 37-49, at 11-12.

15.    Philadelphia is not a party to any of the underlying lawsuits.

## The Philadelphia Insurance Policies

16.    On or about June 1, 2011, Philadelphia issued a comprehensive policy of insurance, under number PHPK806951, to Celebrate Life Church dba Renew Church. That policy had a policy period of 12/16/2011 to 12/16/2012. A true and correct copy of the Declarations page for that 2011-2012 policy is attached as **Exhibit 4**.

17.    Philadelphia renewed that policy under number PHPK957101, for the succeeding one-year policy period of 06/01/2012 to 06/01/2013. A true and correct copy of the Declarations page for that 2012-2013 policy is attached as **Exhibit 5**.

18.    The policy was renewed again, for the following policy period of 06/01/2013 to 06/01/2014, under number PHPK1110916. A true and correct copy of the Declarations page for that policy is attached as **Exhibit 6**.

19.    In 2014, Philadelphia issued another policy renewal, under number PHPK1270218, with effective dates of 12/16/2014 to 12/16/2015. The Declarations page for that policy, a true and correct copy of which is attached as **Exhibit 7**, still identifies Celebrate Life Church dba Renew Church, as the named insured. On the

12/16/2015 expiration date of that policy renewal, Philadelphia issued an endorsement that extended the expiration date until 06/01/2016. A true and correct copy of that endorsement is attached as **Exhibit 8**.

20.     On or about June 1, 2016, Philadelphia renewed the policy again, under number PHPK1505125, with a policy period of 06/01/2016 to 06/01/2017. The Declarations page for that policy, a true and correct copy of which is attached as **Exhibit 9** and incorporated into this pleading for all purposes.

21.   The Policy provides Commercial General Liability Coverage, with limits of insurance of $1,000,000 per occurrence for bodily injury and property damage coverage, and limits of $1,000,000 for personal and advertising injury liability. The policy also provides Professional Liability coverage with a limit of insurance of $1,000,000 for each professional incident and aggregate limits of $2,000,000. Finally, the Policy provides Sexual Or Physical Abuse Or Molestation coverage, with limits of insurance of $1,000,000 for each "Abusive Conduct" and in the aggregate.

A.   *Commercial General Liability Coverage*

22.   Each of the one-year policies identified in the preceding paragraphs 16 through 21 of this pleading contains a grant of general liability coverage for bodily injury and property damage through *Commercial General Liability Coverage Form*, CG 00 01 12 07, as follows:

> SECTION I – COVERAGES
> COVERAGE A   BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1.   Insuring Agreement

---

   **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

     **(1)**  The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

     **(2)**  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

     No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   **b.**  This insurance applies to "bodily injury" and "property damage" only if:

     **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

     **(2)**  The "bodily injury" or "property damage" occurs during the policy period….

*See* Exhibit 4, Commercial General Liability Coverage Form (CG 00 01 12 07).

     23.  The above-quoted grant of commercial general liability coverage is subject to these exclusions, set out in either that same coverage form or in exclusionary endorsements entitled *Exclusion – Counseling Services* (form CG 21 57 07 98), and *Exclusion – Professional Liability Coverage* (form PI-RO-005 TX (11/06)):

   **2.**  **Exclusions**

     This insurance does not apply to:

   **a.**  **Expected Or Intended Injury**

     "Bodily injury" or "property damage" expected or intended from the  standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

---

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of advisory services or counseling with respect to such issues as mental health, crisis prevention, social services or drug and alcohol rehabilitation or similar subjects.

\* \* \*

This insurance does not apply to:

"Bodily injury", "property damage" or "personal and advertising injury" arising out of:

**4.** Any actual or alleged negligent act, error or omission in the rendering of professional services to others, including counseling services, in your capacity as a religious organization. Professional services include but are not limited to the furnishing of food, beverages, medications or appliances in connection therewith.

24. The *Commercial General Liability Coverage Form*, as modified by *General Liability Deluxe Endorsement: Religious Organization* (PI-RO-012 (11/06)), defines the various terms appearing in quotation marks, including the following:

**3.** "Bodily Injury":

**a.** Means bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these; and

**b.** Except for mental anguish, includes death resulting from the foregoing (item **a.** above) at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

25. The duty to defend under the *Commercial General Liability Coverage Form* extends only to "the insured." That coverage form, as modified by *General Liability Deluxe Endorsement: Religious Organization*, identifies who qualifies as an insured when the named insured is organized as a corporation, such as Renew:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

---

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors….

2. Each of the following is also an insured:

   **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      **(1)** "Bodily injury" or "personal and advertising injury":

         **(d)** Arising out of his or her providing or failing to provide professional health care services.

                              *   *   *

1. Any of your church members, but only with respect to their liability for your activities or activities they perform on your behalf.

2. Any:

   **a.** Trustee, official or member of the board of governors of the church; or

   **b.** Members of the clergy but only with respect to their duties as such.

                              *   *   *

1. Each of the following is also an insured:

   a. **Medical Directors and Administrators -** Your medical directors and administrators, but only while acting within the scope of and during the course of their duties as such. Such duties do not include the furnishing or failure to furnish professional services of any physician or psychiatrist in the treatment of a patient.

   b. **Managers and Supervisors** - If you are an organization other than a partnership or joint venture, your managers and supervisors are also insureds, but only with respect to their duties as your managers and supervisors.

---

**B.** *Professional Liability Coverage*

26.   The grant of professional liability coverage is provided through *Religious Organization Professional Liability Coverage Form*, PI-RO-003 (11/06), as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A   RELIGIOUS ORGANIZATION PROFESSIONAL LIABILITY**
>
> **A.  Insuring Agreement**
>
> **1.** We will pay those sums that the insured becomes legally obligated to pay as "damages" arising out of a "professional incident" in the course of performing professional services for, or on behalf of, your religious organization to which this insurance applies. We have the right and duty to defend any "suit" seeking those "damages". We may at our discretion investigate and settle any "professional incident", subject to **SECTION IV – CONDITION K.,** any claim or "suit". But:
>
> > **a.** The amount we will pay for "damages" is limited as described in **SECTION III – LIMITS OF INSURANCE**; and
> >
> > **b.** Our right and duty to defend ends when we have used up our applicable limit of insurance in the payment of judgments or settlements.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS** set forth below.
>
> **2.** This insurance applies to "damages" only if:
>
> > **a.** The "damages" result from a "professional incident" that takes place in the "coverage territory"; and
> >
> > **b.** The "professional incident" occurs during the policy period.

27.   The Professional Liability coverage is subject to exclusions, set out in the coverage form, as modified by *Texas Changes Endorsement*, PI-RO-TX-1 (02/07), including the following:

> **B.  Exclusions**
>
> This insurance does not apply to "damages":
>
> **1.** Expected or intended from the standpoint of the insured. This exclusion is meant to apply to deliberate or intentional acts or

---

"damages" which the insured could reasonably expect to result in "damages."

**23.** Arising out of:

    **a.** The actual or threatened physical or sexual abuse or molestation by anyone of any person while in the care, custody or control of any insured; or

    **b.** The negligent:

        **(1)** employment;

        **(2)** investigation;

        **(3)** supervision;

        **(4)** reporting to the proper authorities, or failure to so report; or

        **(5)** retention

    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **a.** above.

    **c.** The negligent failure to provide professional services or neglect of the therapeutic needs of a client, patient or other person because of the conduct which would be excluded by paragraph **a.** above.

28. The duty to defend under the *Religious Organization Professional Liability Coverage Form* extends to "the insured." This includes the named insured, Renew, as well as the following persons:

    **A.** . . . . Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

    **B.** Each of the following is also an insured:

        **1.** Your medical directors, board members and administrators, but only while acting within the scope of and during the course of their duties as such. Such duties do not include the furnishing or failure to furnish professional services of any physician or psychiatrist in the treatment of a patient.

        **2.** Your "employees", other than your "executive officers", but only for acts within the scope of their employment by you or while performing duties related to the conduct of your organization.

        **3.** Your volunteers, including church members, but only for acts within the scope of their duties related to the conduct of your organization.

    **4.** Students in training, but only for acts within the scope of their duties related to the conduct of your organization.

    **5.** Any social workers, teachers, "certified counselors", case managers, or "trained lay advisors" but only for acts within the scope of their duties related to the conduct of your organization.

29.   The *Professional Liability Coverage Form* includes these definitions of the terms appearing in quotation marks:

    **H.** **"Employee"** includes a "leased worker". "Employee" does not include a "temporary worker". Employee includes "ordained" clergy.

    **O.** **"Ordained"** means an individual:

        **1.** Invested with ministerial or priestly authority;

        **2.** Authorized as a rabbi; or

        **3.** Upon whom holy orders have been conferred by a religious authority.

    **R.** **"Professional incident"** means any actual or alleged negligent:

        1.   Act;

        2.   Error; or

        3.   Omission

        in the rendering of professional services to others, including any counseling services, in your capacity as a religious organization. Professional services include the furnishing of food, beverages, medications or appliances in connection therewith.

        Any or all "professional incidents" arising from interrelated or series of acts, errors or omissions shall be deemed to be one "professional incident" taking place at the time of the earliest "professional incident".

## C.   *Sexual or Physical Abuse or Molestation Vicarious Liability Coverage*

30.   This grant of coverage is provided through *Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form (Claims-Made Version)*, PI-SO-007 (7/96), (the "SPAM" coverage form) as follows:

---

**SECTION I - COVERAGE**

**SEXUAL OR PHYSICAL ABUSE OR MOLESTATION VICARIOUS LIABILITY**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured is legally obligated to pay as "damages" because of "bodily injury" and "defense costs", to which this insurance applies, if the insured is alleged to be liable for another person's "abusive conduct", by reason of:

        **(1)**  the negligent:

            **(a)**  employment;

            **(b)**  selection;

            **(c)**  investigation;

            **(d)**  supervision;

            **(e)**  reporting to the proper authorities, or failure to so report; or

            **(f)**  retention;

        of any "employee", volunteer or any other person or persons for whom the insured is or ever was legally responsible . . .

        Subject to the above provisions, we have the right and duty to defend any "suit" seeking "damages" because of another person's "abusive conduct". However, we have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may at our discretion, investigate any "abusive conduct" and settle any claim or "suit" that may result. . . .

    **b.**  This insurance applies to "damages" and "defense cost" because of "bodily injury" only if:

        **(1)**  the "bodily injury" is caused by "abusive conduct" that takes place in the "coverage territory";

        **(2)**  the "abusive conduct" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

        **(3)**  a claim for "damages" because of another person's "abusive conduct" is first made against any insured, in accordance with paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under EXTENDED REPORTING PERIODS (Section V)….

---

**c.** **(1)** A claim seeking "damages" will be deemed to have been made when notice of such claim is received and recorded by any insured or by us, whichever comes first.

**(2)** All claims for "damages" because of the same incident or interrelated incidents of "abusive conduct" shall be:

**(a**) Considered a single claim; and

**(b)** Considered first made only during the policy period including the Extended Reporting Period, or during any prior or subsequent policy period in which the earliest claim arising out of such "abusive conduct" was first made. Such claims, whenever made, shall be assigned to only one policy (whether issued by this or any another insurer) and if that is this policy, only one limit of insurance shall apply.

31.   The Declarations page for the SPAM coverage part does specify a Retroactive Date. For each of the Policies, the Declarations page for the SPAM coverage states:

RETROACTIVE DATE

This insurance does not apply to "Damages" and "Defense Costs" resulting from "Abusive Conduct" which occurred before the Retroactive Date, if any, shown here:  **11/18/2011**

32.   The SPAM coverage form identifies those entities and individuals that are insureds or qualify as insureds:

**SECTION II - WHO IS AN INSURED**

**1.**   You are an insured.

**2.**   Each of the following is also an insured:

**a.**   your directors, but only for liability arising from their duties as your directors.

**b.**   your "employees", but only for liability arising within the scope of their employment duties for you.

**c.**   your volunteers, but only for liability arising within the scope of their volunteer duties related to the conduct of your organization; and

**d.**   students in training, but only for liability arising within the scope of their duties related to the conduct of your organization.

---

33.   The duty to defend the named insured's employees is limited by the *Employee Defense Coverage* endorsement, on form PI-SO-013 (02/05):

> We will also pay on your behalf "defense costs" for an "employee" who is alleged to be directly involved in "abusive conduct" until such time as that individual is adjudicated to be a wrongdoer or enters a plea of no-contest.

34.   The SPAM coverage form defines the terms in quotation marks, including these terms:

> **2.**  "Abusive conduct" means each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or two or more people acting together.
>
> Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by, participated in by, directed by, instigated by or knowingly allowed to happen by one or more persons shall be considered to be one "abusive conduct" regardless of:
>
> **a.**  the number of injured parties;
>
> **b.**  the period of time over which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and
>
> **c.**  the number of such acts or encounters.
>
> "Abusive conduct" consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter.
>
> **4.**  "Damages" means a monetary:
>
> **a.**  judgment;
>
> **b.**  award; or
>
> **c.**  settlement,
>
> but does not include fines, sanctions, penalties, punitive or exemplary damages or the multiple portion of any damages.

**D.**   *Excess and Umbrella Liability Coverage*

35.   Philadelphia issued an excess liability policy to Celebrate Life Church dba Renew Church under number PHUB367883, with a policy period of 12/16/2011 to 12/16/2012.

36.   Philadelphia then renewed that excess liability policy under number PHUB405441, with a policy period of 12/16/2012 to 12/16/2013.

37.   Philadelphia subsequently issued an umbrella liability policy to Celebrate Life Church dba Renew Church under number PHUB443574, with a policy period of 12/16/2013 to 12/16/2014.

38.   Philadelphia renewed that umbrella liability policy under number PHUB483684, with a policy period of 12/16/2014 to 12/16/2015.

39.   Philadelphia then issued an endorsement to extend the expiry date of umbrella liability policy number PHUB483684, from 12/16/2015 until 06/01/2016.

40.   Philadelphia issued an umbrella liability coverage to Renew, under number PHUB543355, with a policy period of 06/11/2016 to 06/01/2017.

41.   The grants of coverage for the excess and umbrella liability coverages for bodily injury and property damage liability are provided through *Commercial Umbrella Liability Insurance Policy*, issued on form PI-CXL-001:

> **1.   Insuring Agreement**
>
> We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit," whether or not collectible, which the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

---

**Bodily Injury and Property Damage**

**a.** This insurance applies to "bodily injury" or "property damage" only if:

    **(1)** The "bodily injury" or "property damage" arising out of an "occurrence" takes place in the "coverage territory";]

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II – WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**b.** "Bodily injury" or "property damage which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.a.** of **SECTION II – WHO IS AN INSURED** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**c.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of **SECTION II – WHO IS AN INSURED** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means.

    42.   The umbrella liability coverage is subject to several exclusions, including the following:

---

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

43.   The umbrella liability coverage form contains a section defining the terms appearing in quotation marks, including the following:

**15.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

44.   The coverage under each of the excess and umbrella liability policies is subject to similar exclusionary endorsements, entitled *Abuse Or Molestation Exclusion*, issued on different editions of form PI-CXL-007 TX. In the excess liability policies, the endorsement provides as follows:

This insurance does not apply to any liability, damage, loss, cost or expense arising out of:

**1.**   The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or

**2.**   The negligent:

    **a.**   Employment

    **b.**   Investigation

    **c.**   Supervision

    **d.**   Reporting to proper authorities, or failure to so report; or

    **e.**   Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1.** above.

**3.**   Any applicable coverage provided in the "underlying insurance."

For the purposes of this endorsement, abuse means an act which is committed with the intent to cause harm.

45.   In the umbrella liability policies, the exclusionary endorsement reads as follows:

> This insurance does not apply to any liability arising out of:
>
> (a)  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or
>
> (b)  The negligent:
>
> > (i)    employment
> >
> > (ii)   investigation
> >
> > (iii)  supervision
> >
> > (iv)  reporting to proper authorities, or failure to so report; or
> >
> > (v)   retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.
>
> For the purposes of this endorsement, abuse means an act which is committed with the intent to cause harm.

46.   Finally, the excess liability and umbrella liability policies are subject to follow-form endorsements applicable to the underlying Professional Liability Coverage. The endorsement in the excess liability policies, entitled simply *Follow Form Endorsement*, states as follows:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL EXCESS LIABILITY
>
> This policy is intended to include the Professional Liability Coverage Part, but only to the extent that coverage is provided for by the liability insurance listed in the Schedule of Underlying Insurance.
>
> This endorsement is subject to Condition 9, Maintenance of Underlying Insurance.

47.   The follow-form endorsement in the umbrella liability policies is entitled *Professional Liability Follow Form Endorsement*. It adds this language to the insuring agreement:

**COVERAGE – PROFESSIONAL LIABILITY**

This policy is intended to include professional liability coverage.

The professional liability insurance provided will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by an endorsement to this policy.

To the extent such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

Any per location or per project aggregate limit of insurance that is extended in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance will not apply to the coverage provided by this endorsement.

## IV.

### DECLARATORY JUDGMENT ACTION

48.     The foregoing paragraphs 6 through 48 of this pleading instrument are incorporated here by reference, the same as if fully set forth verbatim.

49.     On or about October 25, 2016, Philadelphia received tenders of the defense of the defendants in the Arp lawsuit and the Harvey lawsuit. Philadelphia agreed to defend those defendants, subject to a complete reservation of its rights.

50.     On or about June 6, 2017, Philadelphia received the tender of the defense of Renew in the Guerrero lawsuit. Philadelphia agreed to defend Renew in that case, subject to a complete reservation of its rights.

51.     Philadelphia has filed this lawsuit to seek a judicial determination that it does not owe any duty to defend Renew or Knighten against the claims asserted in any of the underlying lawsuits. Therefore, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Philadelphia petitions the Court for a judgment declaring as follows:

---

A.  Philadelphia Indemnity Insurance Company has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Amy Arp has asserted in Cause No. C2016-1722C, *Amy Arp v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

B.  Philadelphia Indemnity Insurance Company has no duty to defend Terry Knighten against the claims Amy Arp has asserted in Cause No. C2016-1722C, *Amy Arp v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

C.  Philadelphia Indemnity Insurance Company has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Kristin Harvey has asserted in Cause No. C2016-1723D, *Kristen Harvey v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 433rd Judicial District Court of Comal County, Texas.

D.  Philadelphia Indemnity Insurance Company has no duty to defend Terry Knighten against the claims Kristin Harvey has asserted in Cause No. C2016-1723D, *Kristen Harvey v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 433rd Judicial District Court of Comal County, Texas.

E.  Philadelphia Indemnity Insurance Company has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Kristi Guerrero and Samuel Guerrero asserted in Cause No. C2017-0741C, *Kristi Guerrero and Samuel Guerrero v. Terry Knighten and Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

F.  Philadelphia Indemnity Insurance Company has no duty to defend Terry Knighten against the claims Kristi Guerrero and Samuel Guerrero asserted in Cause No. C2017-0741C, *Kristi Guerrero and Samuel Guerrero v. Terry Knighten and Renew Ministries, Inc. f/k/a Celebrate*

*Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

## PRAYER

BASED ON THE FOREGOING, Plaintiff Philadelphia Indemnity Insurance

Company requests by this pleading that the District Court Judge adjudge:

(1)    That such Plaintiff has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Amy Arp has asserted in Cause No. C2016-1722C, *Amy Arp v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas;

(2)    That such Plaintiff has no duty to defend Terry Knighten Church, Inc. against the claims Amy Arp has asserted in Cause No. C2016-1722C, *Amy Arp v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas;

(3)    That such Plaintiff has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Kristin Harvey has asserted in Cause No. C2016-1723D, *Kristen Harvey v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 433rd Judicial District Court of Comal County, Texas;

(4)    That such Plaintiff has no duty to defend Terry Knighten against the claims Kristin Harvey has asserted in Cause No. C2016-1723D, *Kristen Harvey v. Terry Knighten, Renew Ministries, Inc. and Celebrate Life Church, Inc.*, which is pending before the 433rd Judicial District Court of Comal County, Texas;

(5)    That such Plaintiff has no duty to defend Renew Ministries, Inc. or Celebrate Life Church, Inc. against the claims Kristi Guerrero and Samuel Guerrero asserted in Cause No. C2017-0741C, *Kristi Guerrero and Samuel Guerrero v. Terry Knighten and Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

(6)    That such Plaintiff has no duty to defend Terry Knighten against the claims Kristi Guerrero and Samuel Guerrero asserted in Cause No. C2017-0741C, *Kristi Guerrero and Samuel Guerrero v. Terry Knighten and Renew Ministries, Inc. f/k/a Celebrate Life Church, Inc.*, which is pending before the 274th Judicial District Court of Comal County, Texas.

(7)    That to the extent allowed by law, such Plaintiff recover its reasonable and necessary attorneys' fees; and

(8)    That such Plaintiff have such other and further relief, whether at law or in equity, to which it may be justly entitled.

Dated:  July 18, 2017

Respectfully submitted,

_____/s/   William R. Pilat_____

William R. Pilat
Texas Bar No. 00788205
Admitted in U.S. District Court, W.D. Tex.
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile:  713-425-7700
E-mail:  wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**OF COUNSEL:**

Andrew J. Mihalick
Texas Bar No. 24046439
Appearing Pro Hac Vice
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
Email:  amihalick@krcl.com

---

## CERTIFICATE OF SERVICE

I certify that on July 18, 2017, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, by electronic filing through the electronic case filing system that serves the United States District Courts for the Western District of Texas:

Jeffrey J. Jowers
Mark J. Cannan
Geoffrey Courtney
CLEMENS & SPENCER, P.C.
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205

Leslie E. Katona, Jr.
Laura A. Cavaretta
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205

Scott J. Braden
Christopher T. Morrow
KOMIE & MORROW LLP
7703 N. Lamar Blvd., Suite 410
Austin, Texas 78752

_____/s/ William R. Pilat_____
William R. Pilat

# Exhibit 1

FILED Cathy Ownbey

C2016-1722C
10/18/2016 1:34:17 PM
Heather N. Keller
Comal County
District Clerk

CAUSE NO. _C2016-1722C_____

| | | |
|---|---|---|
| AMY ARP, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| TERRY KNIGHTEN, RENEW | § | |
| MINISTRIES, AND CELEBRATE LIFE | § | |
| CHURCH, INC. | § | |
| *Defendants.* | § | COMAL COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff AMY ARP, complaining of Defendants TERRY KNIGHTEN, RENEW MINISTRIES, and CELEBRATE LIFE CHURCH, INC., and for cause would respectfully show unto the Court the following:

### DISCOVERY CONTROL LEVEL

1.      Pursuant to RULE 190, TEX. R. CIV. P., discovery shall be conducted in this matter under Level 2.

### PARTIES

2.      Plaintiff, AMY ARP, is an individual who resides in New Braunfels, Texas. Her date of birth is July 18, 1984 and the last three digits of her social security number are 803.

3.      Defendant, TERRY KNIGHTEN ("Knighten"), is an individual resident of the State of Texas who can be served with process pursuant to TRCP 106(a)(1) by delivering to the defendant, in person, and/or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition at his place of residence: 456 Wilderness Way, New Braunfels, Texas 78132. *Issuance of citation is requested at this time.*

4.      Defendant, RENEW MINISTRIES ("Renew"), is a domestic nonprofit

corporation duly licensed to conduct business in the State of Texas. Service on Defendant Renew can be made by serving them through their registered agent, **Terry Knighten, 1209 IH 35 South, #207, New Braunfels, Texas 78130.** *Issuance of citation is requested at this time.*

5.      Defendant, CELEBRATE LIFE CHURCH, INC ("Celebrate Life"), is a domestic nonprofit corporation duly licensed to conduct business in the State of Texas. Service on Defendant Celebrate Life can be made by serving them through their registered agent, **Terry Knighten, 1209 IH 35 South, #207, New Braunfels, Texas 78130.** *Issuance of citation is requested at this time.*

## JURISDICTION & VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court. Venue in Comal County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Comal County.

## RESPONDEAT SUPERIOR

7.      Whenever in this Petition it is alleged that Defendants committed any acts or omissions, it is meant that Defendant's officers, agents, servants, employees, or representatives committed such acts or omissions, and that at the time such acts or omissions were committed, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives. At all times material, the persons who proximately caused the incident in question and Plaintiff's damages were acting in the course and scope of their employment with Defendant. Plaintiff therefore invokes the doctrine of *respondeat superior.*

## ALTER EGO

8.       Defendants Renew and Celebrate Life were and are mere shams and shells organized and operated as the alter ego of individual Defendant Knighten for his personal benefit and advantage, in that individual Defendant Knighten has exercised total dominion and control over corporate Defendants Renew and Celebrate Life.  The individual Defendant is one of only three (3) directors and the main Pastor of the corporate Defendants Renew and Celebrate Life and, as such, Defendant Knighten has so intermingled his personal and financial affairs that corporate Defendants Renew and Celebrate Life were and are the alter ego of individual Defendant Knighten.

## FACTUAL BACKGROUND

9.       This lawsuit arises from numerous nonconsensual sexual assaults, advances, and encounters between Plaintiff and Defendant Knighten spanning a ten (10) year period from approximately 2005 to the end of 2015 while Plaintiff was a parishioner of Defendants Renew and Celebrate Life seeking marital counseling from Defendant Knighten (Pastor and Board Member of Defendants Renew and Celebrate Life), as well as a volunteer and employee of Defendant.

10.      Plaintiff, a parishioner of Defendants Renew and Celebrate Life since approximately 2003 at the age of 19, first sought counseling from Defendant Knighten for marital difficulties in approximately 2005. This marital counseling between Plaintiff and Defendant Knighten regarding Plaintiff's former marriage spanned the time period of 2005 – 2015.

11.      Shortly after the marital counseling began, Defendant Knighten, began taking advantage of Plaintiff's trust and confidence forged as Plaintiff's marital counselor and Pastor, by making unwanted and nonconsensual sexual advances upon Plaintiff. First, in approximately 2005, Defendant Knighten requested that Plaintiff pull her shirt down while the two were unpacking

children's church items on Defendants Renew and Celebrate Life's premises.  Approximately six (6) months later Defendant Knighten had nonconsensual sexual intercourse with Plaintiff on Defendants Renew and Celebrate Life's premises.

12.     Such nonconsensual sexual encounters happened numerous times from the first two encounters in 2005 until the last incident of nonconsensual sexual intercourse, which again occurred on the premises of Defendants Renew and Celebrate Life on December 24, 2015.  Such encounters and incidents happened on a monthly basis from 2014 – 2015 in Defendant Knighten's church office, and in Defendants Renew and Celebrate Life's classroom and church.  Upon information and belief all such incidents occurred while Defendant Knighten was in the course and scope of his employment with Defendants Renew and Celebrate Life.

13.     At no time during Defendant Knighten's sexual assaults on Plaintiff did Defendants Renew and Celebrate Life take any actions to assist Plaintiff or otherwise prevent Defendant Knighten from continuing his sexual assaults on Plaintiff. Upon information and belief, Defendants Renew and Celebrate Life knew or should have known that Defendant Knighten was sexually assaulting Plaintiff.   Nevertheless, Defendants Renew and Celebrate Life failed to terminate Defendant Knighten.  Instead, Defendants Renew and Celebrate Life negligently allowed the sexual assaults to continue without taking any corrective action, reporting any of the incidents to law enforcement, and failing to make its premises safe for its parishoners like Plaintiff.

## CAUSES OF ACTION

14.     Plaintiff incorporates by reference the preceding paragraphs as though the same had been fully set forth herein.

### Count 1: Breach of Fiduciary Duty (Defendant Knighten)

15.     At the time of these incidents, Plaintiff and Defendant Knighten had a fiduciary

relationship with one another as Pastor / congregation member and through their counseling sessions based on the trust and confidence that they instilled in one another. Through his sexual assaults and advances, Defendant Knighten breached this duty. Such breach resulted in injury to Plaintiff and was for the benefit of Defendant Knighten.

### Count 2: Assault by Offensive Physical Conduct (Defendant Knighten)

16.     At the time of the incidents, Defendant Knighten acted intentionally and/or knowingly when he repeatedly had nonconsensual sexual intercourse with Plaintiff. Defendant Knighten's acts made physical contact with Plaintiff's person, and Defendant Knighten knew or reasonably should have known such contact would be regarded by Plaintiff as offensive or provocative. Such repeated contact caused injury to Plaintiff.

### Count 3: Negligence & Gross Negligence (Defendant Knighten)

17.     At the time of the incidents, Defendant Knighten had a duty to exercise reasonable care to avoid a foreseeable risk of injury to others. Defendant Knighten breached that duty in one or more of the following ways:

a.      Making sexual advances on Plaintiff; and

b.      Having nonconsensual sexual intercourse with Plaintiff when Defendant Knighten reasonably should have known that the sexual contact was unwanted and harmful to Plaintiff.

18.     Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

19.     Pleading further, the aforementioned negligent acts and/or omissions of Defendant Knighten, when viewed objectively from the standpoint of Defendant Knighten at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others. The acts and/or omissions of Defendant were more than

momentarily thoughtlessness, inadvertence, or error of judgment. Defendant Knighten had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by repeatedly having nonconsensual and unwanted, harmful sexual intercourse with Plaintiff.

20.     Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

### Count 4:  Intentional Infliction of Emotional Distress (Defendant Knighten)

21.     Plaintiff would show that the aforementioned intentional and/or reckless conduct of Defendant Knighten is actionable under the cause of action for intentional infliction of emotional distress. Plaintiff will show that the conduct of Defendant Knighten was so harassing, outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  As a proximate result thereof, Plaintiff has sustained severe emotional distress and seeks any and all remedies available to her at law for the same, including exemplary damages.

### Count 5: Sexual Exploitation by a Mental Health Services Provider (Defendant Knighten)

22.     At the time of the subject incidents, Defendant Knighten, a mental health services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)(E), sexually exploited his patient (Plaintiff) in one or more of the following ways:

a.     Having sexual contact with Plaintiff;

b.     Sexually exploiting Plaintiff through a pattern, practice, and scheme of conduct including sexual contact for the purpose of sexual arousal, gratification and sexual abuse of Plaintiff; and

c.   Therapeutically deceiving Plaintiff by taking advantage of the trust and confidence
between Plaintiff and Defendant Knighten instilled in their marital counseling
sessions in such a way that Plaintiff believed the sexual contact with Defendant
Knighten was consistent with, or part of Plaintiff's treatment with Defendant
Knighten.

23.   Such acts and/or omissions constituted sexual exploitation by a mental health

services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.002 resulted in physical, mental,

and emotional injuries to Plaintiff. As a result thereof Plaintiff seeks any and all remedies available

to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ.

Prac. & Rem. Code Sec. 81.004.

**Count 6: Sexual Exploitation by a Mental Health Services Provider (Defendants Renew and Celebrate Life)**

24.   At all times pertaining to the subject incidents, Defendant Knighten was an

employee of Defendants Renew and Celebrate Life.  Accordingly, Defendants Renew and Celebrate

Life are liable for Defendant Knighten's sexual exploitation of Plaintiff by violating Tex. Civ. Prac.

& Rem. Code Sec. 81.002 in one or more of the following ways:

a.   Failing to make inquiries of Defendant Knighten's employer or former employers
whose name and address had been disclosed to Defendants Renew and Celebrate
Life and who employed Defendant Knighten as a mental health services provider (as
defined by Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)) within the five years before
the date of disclosure, concerning the possible occurrence of sexual exploitation by
the mental health services provider of patients or former patients of Defendant
Knighten;

b.   Knowing or having reason to know that Defendant Knighten engaged in sexual
exploitation of Plaintiff and failing to: 1) report the suspected sexual exploitation of
Plaintiff as required by Tex. Civ. Prac. & Rem. Code Sec. 81.006; and/or 2) taking
necessary action to prevent or stop the sexual exploitation of Plaintiff; and/or

c.   Knowing of the occurrence of sexual exploitation by Defendant Knighten of
Plaintiff, receiving a specific request by Defendant Knighten's employer or former
employer engaged in the business of providing mental health services, regarding the
possible existence or nature of sexual exploitation by Defendant Knighten, and
failing to disclose the occurrence of the sexual exploitation.

25.   Such acts and/or omissions by Defendants Renew and Celebrate Life were the proximate cause and actual cause of the damages suffered by Plaintiff. As a result thereof, Plaintiff seeks any and all remedies available to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.004.

**Count 7:  Negligent Hiring, Supervising, Training and Retention & Gross Negligence**
**(Defendants Renew and Celebrate Life)**

26.   At the time of the subject incidents Defendants Renew and Celebrate Life owed Plaintiff a duty to hire, supervise, train, and/or retain competent employees.  Defendants Renew and Celebrate Life breached that duty in one or more of the following ways:

a.   Failing to terminate Defendant Knighten when Defendants Renew and Celebrate Life knew or reasonably should have known he was engaging in unwelcomed sexual contact with Defendants Renew and Celebrate Life's parishoners.

b.   Failing to adequately supervise Defendant Knighten so that he did not have sexual contact with Defendants Renew and Celebrate Life's parishoners;

c.   Failing to train its employees to report instances of unwanted sexual contact, sexual advances, or other lewd and lascivious behavior to Defendants Renew and Celebrate Life;

d.   Failing to hire employees that would report instances of sexual contact, sexual advances, or other lewd and lascivious behavior to Defendants Renew and Celebrate Life; and

e.   Failing to retain employees that would report instances of sexual contact, sexual advances, or other lewd and lascivious conduct on Defendants Renew and Celebrate Life's premises;

f.   Failing to ensure that Defendant Knighten did not have sexual intercourse with Defendants Renew and Celebrate Life's parishoners; and

g.   Failing to adequately supervise Defendant Knighten so that he did not have sexual intercourse with Defendants Renew and Celebrate Life's parishoners.

27.   Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

28.    Pleading further, the aforementioned negligent acts and/or omissions of Defendants Renew and Celebrate Life, when viewed objectively from the standpoint of Defendants Renew and Celebrate Life at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others.   The acts and/or omissions of Defendant were more than momentarily thoughtlessness, inadvertence, or error of judgment.   Defendants Renew and Celebrate Life had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by taking no corrective action and turning a blind eye to Defendant Knighten's unabated sexual assaults of Plaintiff.

29.    Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

## DAMAGES

30.    As a result of the incident that forms the basis of this lawsuit, Plaintiff would show the trier of fact that she has suffered, and will continue to suffer, injuries and damages. Plaintiff seeks an award from the trier of fact for the following:

        a.    Past and future medical expenses;
        b.    Past and future physical pain;
        c.    Past and future mental anguish;
        d.    Past and future physical impairment;
        e.    Past and future disfigurement;
        f.    Out-of-pocket expenses;
        g.    Pre-judgment interest and taxable court costs; and
        h.    Exemplary damages; and
        i.    Attorney's fees.

31.    Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks

monetary relief over $1 million ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS

32.    Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## DEMAND FOR JURY TRIAL

33.    Pursuant to RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against Defendants for damages as they may appear at trial hereof, together with pre-judgment and post-judgment interest, costs of court and such other relief to which Plaintiff may be entitled.


*[SIGNATURE BLOCK ON NEXT PAGE]*

Respectfully submitted,


KOMIE & MORROW LLP

 /s/ Scott J. Braden
Scott J. Braden
State Bar No. 24067525
scott@komieandmorrow.com
Nicholas Buttry
State Bar No. 24078294
nick@komieandmorrow.com
David A. Komie
State Bar No. 00795998
david@komieandmorrow.com
7703 North Lamar Boulevard, Suite 410
Austin, Texas 78752
(512) 338-0900 [Tel.]
(512) 338-0902 [Fax]
ATTORNEYS FOR PLAINTIFF

# Exhibit 2

FILED
Cathy Ownbey

C2016-1723D
10/18/2016 1:43:24 PM
Heather N. Kellar
Comal County
District Clerk

CAUSE NO. C2016-1723D
_____

| | | |
|---|---|---|
| KRISTEN HARVEY,<br>  *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ___ JUDICIAL DISTRICT |
| TERRY KNIGHTEN, RENEW<br>MINISTRIES, AND CELEBRATE LIFE<br>CHURCH, INC.<br>  *Defendants.* | §<br>§<br>§<br>§<br>§ | COMAL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff KRISTEN HARVEY, complaining of Defendants TERRY
KNIGHTEN, RENEW MINISTRIES, and CELEBRATE LIFE CHURCH, INC., and for cause
would respectfully show unto the Court the following:

### DISCOVERY CONTROL LEVEL

1.      Pursuant to RULE 190, TEX. R. CIV. P., discovery shall be conducted in this matter
under Level 2.

### PARTIES

2.      Plaintiff, KRISTEN HARVEY, is an individual who resides in New Braunfels,
Texas. Her date of birth is March 28, 1989 and the last three digits of her social security number
are 419.

3.      Defendant, TERRY KNIGHTEN ("Knighten"), is an individual resident of the
State of Texas who can be served with process pursuant to TRCP 106(a)(1) by delivering to the
defendant, in person, and/or (2) mailing to the defendant by registered or certified mail, return
receipt requested, a true copy of the citation and petition at his place of residence: 456
Wilderness Way, New Braunfels, Texas 78132. *Issuance of citation is requested at this time.*

4.      Defendant, RENEW MINISTRIES ("Renew"), is a domestic nonprofit corporation duly licensed to conduct business in the State of Texas.  Service on Defendant Renew can be made by serving them through their registered agent, **Terry Knighten, 1209 IH 35 South, #207, New Braunfels, Texas 78130.** *Issuance of citation is requested at this time.*

5.      Defendant, CELEBRATE LIFE CHURCH, INC ("Celebrate Life"), is a domestic nonprofit corporation duly licensed to conduct business in the State of Texas.  Service on Defendant Celebrate Life can be made by serving them through their registered agent, **Terry Knighten, 1209 IH 35 South, #207, New Braunfels, Texas 78130.** *Issuance of citation is requested at this time.*

## JURISDICTION & VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.  Venue in Comal County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Comal County.

## RESPONDEAT SUPERIOR

7.      Whenever in this Petition it is alleged that Defendants committed any acts or omissions, it is meant that Defendant's officers, agents, servants, employees, or representatives committed such acts or omissions, and that at the time such acts or omissions were committed, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.  At all times material, the persons who proximately caused the incident in question and Plaintiff's damages were acting in the course and scope of their employment with Defendant.  Plaintiff therefore invokes the doctrine of *respondeat superior.*

## ALTER EGO

8.      Defendants Renew and Celebrate Life were and are mere shams and shells organized and operated as the alter ego of individual Defendant Knighten for his personal benefit and advantage, in that individual Defendant Knighten has exercised total dominion and control over corporate Defendants Renew and Celebrate Life. The individual Defendant is one of only three (3) directors and the main Pastor of the corporate Defendants Renew and Celebrate Life and, as such, Defendant Knighten has so intermingled his personal and financial affairs that corporate Defendants Renew and Celebrate Life were and are the alter ego of individual Defendant Knighten.

## FACTUAL BACKGROUND

9.      This lawsuit arises from a nonconsensual sexual assault occuring between Plaintiff and Defendant Knighten in October 2015 while Plaintiff was a parishioner of Defendants Renew and Celebrate Life seeking marital counseling from Defendant Knighten (Pastor and Board Member of Defendants Renew and Celebrate Life).

10.     Plaintiff, a parishioner of Defendants Renew and Celebrate Life since approximately 2003 at the age of 13, first sought counseling from Defendant Knighten for marital difficulties in approximately 2015.

11.     Shortly after the marital counseling began, Defendant Knighten, taking advantage of Plaintiff's trust and confidence forged as Plaintiff's marital counselor and Pastor, began to make unwanted and nonconsensual sexual advances upon Plaintiff. First, in October 2015, while at Defendant Knighten's house, Defendant Knighten cornered Plaintiff and kissed her. Plaintiff did not consent to such actions.

12.     On the next night, again in Defendant Knighten's home, Defendant Knighten

entered a bedroom being occupied by Plaintiff, reached into Plaintiff's underwear, made unwanted contact with Plaintiff and sexually assaulted her.

13.   At no time during Defendant Knighten's sexual assaults on Plaintiff did Defendant Renew take any actions to assist Plaintiff or otherwise prevent Defendant Knighten from continuing his sexual assaults on Plaintiff. Upon information and belief, Defendants Renew and Celebrate Life knew or should have known that Defendant Knighten was sexually assaulting Plaintiff. Nevertheless, Defendants Renew and Celebrate Life failed to terminate Defendant Knighten. Instead, Defendants Renew and Celebrate Life negligently allowed the sexual assaults to continue without taking any corrective action, reporting any of the incidents to law enforcement, and failing to make its premises safe for its parishoners like Plaintiff.

## CAUSES OF ACTION

14.   Plaintiff incorporates by reference the preceding paragraphs as though the same had been fully set forth herein.

### Count 1: Breach of Fiduciary Duty (Defendant Knighten)

15.   At the time of these incidents, Plaintiff and Defendant Knighten had a fiduciary relationship with one another as Pastor / congregation member and through their counseling sessions based on the trust and confidence that they instilled in one another.  Through his sexual assaults and advances, Defendant Knighten breached this duty.  Such breach resulted in injury to Plaintiff and was for the benefit of Defendant Knighten.

### Count 2:  Assault by Offensive Physical Conduct (Defendant Knighten)

16.   At the time of the incidents, Defendant Knighten acted intentionally and/or knowingly when he made unwanted and nonconsensual sexual contact with with Plaintiff. Defendant Knighten's acts made physical contact with Plaintiff's person, and Defendant Knighten

knew or reasonably should have known such contact would be regarded by Plaintiff as offensive or provocative.  Such repeated contact caused injury to Plaintiff.

### Count 3: Negligence & Gross Negligence (Defendant Knighten)

17.     At the time of the incident, Defendant Knighten had a duty to exercise reasonable care to avoid a foreseeable risk of injury to others.  Defendant Knighten breached that duty in one or more of the following ways:

    a.     Making sexual advances on Plaintiff;

    b.     Kissing Plaintiff without Plaintiff's consent; and

    c.     Touching Plaintiff inside Plaintiff's underwear without Plaintiff's consent.

18.     Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

19.     Pleading further, the aforementioned negligent acts and/or omissions of Defendant Knighten, when viewed objectively from the standpoint of Defendant Knighten at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others.  The acts and/or omissions of Defendant were more than momentarily thoughtlessness, inadvertence, or error of judgment.  Defendant Knighten had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by making nonconsensual and unwanted, harmful sexual contact with Plaintiff.

20.     Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

**Count 4:  Intentional Infliction of Emotional Distress (Defendant Knighten)**

21.     Plaintiff would show that the aforementioned intentional and/or reckless conduct of Defendant Knighten is actionable under the cause of action for intentional infliction of emotional distress.  Plaintiff will show that the conduct of Defendant Knighten was so harassing, outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  As a proximate result thereof, Plaintiff has sustained severe emotional distress and seeks any and all remedies available to her at law for the same, including exemplary damages.

**Count 5: Sexual Exploitation by a Mental Health Services Provider (Defendant Knighten)**

22.     At the time of the subject incidents, Defendant Knighten, a mental health services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)(E), sexually exploited his patient (Plaintiff) in one or more of the following ways:

a.     Having sexual contact with Plaintiff;

b.     Sexually exploiting Plaintiff through a pattern, practice, and scheme of conduct including sexual contact for the purpose of sexual arousal, gratification and sexual abuse of Plaintiff; and

c.     Therapeutically deceiving Plaintiff by taking advantage of the trust and confidence between Plaintiff and Defendant Knighten instilled in their marital counseling sessions in such a way that Plaintiff believed the sexual contact with Defendant Knighten was consistent with, or part of Plaintiff's treatment with Defendant Knighten.

23.     Such acts and/or omissions constituted sexual exploitation by a mental health services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.002 resulted in physical, mental, and emotional injuries to Plaintiff. As a result thereof Plaintiff seeks any and all remedies available to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.004.

**Count 6: Sexual Exploitation by a Mental Health Services Provider (Defendants Renew and Celebrate Life)**

24.     At all times pertaining to the subject incidents, Defendant Knighten was an employee of Defendants Renew and Celebrate Life.  Accordingly, Defendants Renew and Celebrate Life are liable for Defendant Knighten's sexual exploitation of Plaintiff by violating Tex. Civ. Prac. & Rem. Code Sec. 81.002 in one or more of the following ways:

    a.    Failing to make inquiries of Defendant Knighten's employer or former employers whose name and address had been disclosed to Defendants Renew and Celebrate Life and who employed Defendant Knighten as a mental health services provider (as defined by Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)) within the five years before the date of disclosure, concerning the possible occurrence of sexual exploitation by the mental health services provider of patients or former patients of Defendant Knighten;

    b.    Knowing or having reason to know that Defendant Knighten engaged in sexual exploitation of Plaintiff and failing to: 1) report the suspected sexual exploitation of Plaintiff as required by Tex. Civ. Prac. & Rem. Code Sec. 81.006; and/or 2) taking necessary action to prevent or stop the sexual exploitation of Plaintiff; and/or

    c.    Knowing of the occurrence of sexual exploitation by Defendant Knighten of Plaintiff, receiving a specific request by Defendant Knighten's employer or former employer engaged in the business of providing mental health services, regarding the possible existence or nature of sexual exploitation by Defendant Knighten, and failing to disclose the occurrence of the sexual exploitation.

25.     Such acts and/or omissions by Defendants Renew and Celebrate Life were the proximate cause and actual cause of the damages suffered by Plaintiff.  As a result thereof, Plaintiff seeks any and all remedies available to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.004.

**Count 7: Negligent Hiring, Supervising, Training and Retention & Gross Negligence (Defendants Renew and Celebrate Life)**

26.     At the time of the subject incidents Defendants Renew and Celebrate Life owed Plaintiff a duty to hire, supervise, train, and/or retain competent employees.  Defendants Renew and Celebrate Life breached that duty in one or more of the following ways:

*Harvey v. Knighten and Renew Ministries*
Plaintiff's Original Petition, Jury Demand, and Request for Disclosure
          Page 7 of 10

a.  Failing to terminate Defendant Knighten when Defendants Renew and Celebrate Life knew or reasonably should have known he was engaging in unwelcomed sexual contact with Defendants Renew and Celebrate Life's parishoners.

b.  Failing to adequately supervise Defendant Knighten so that he did not have sexual contact with Defendants Renew and Celebrate Life's parishoners;

c.  Failing to train its employees to report instances of unwanted sexual contact, sexual advances, or other lewd and lascivious behavior to Defendants Renew and Celebrate Life;

d.  Failing to hire employees that would report instances of sexual contact, sexual advances, or other lewd and lascivious behavior to Defendants Renew and Celebrate Life; and

e.  Failing to retain employees that would report instances of sexual contact, sexual advances, or other lewd and lascivious conduct on Defendants Renew and Celebrate Life's premises.

27.  Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

28.  Pleading further, the aforementioned negligent acts and/or omissions of Defendants Renew and Celebrate Life, when viewed objectively from the standpoint of Defendants Renew and Celebrate Life at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others. The acts and/or omissions of Defendant were more than momentarily thoughtlessness, inadvertence, or error of judgment. Defendants Renew and Celebrate Life had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by taking no corrective action and turning a blind eye to Defendant Knighten's unabated sexual assaults of Plaintiff.

29.  Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross

negligence that Plaintiff hereby seeks an award of exemplary damages.

## DAMAGES

30.     As a result of the incident that forms the basis of this lawsuit, Plaintiff would show the trier of fact that she has suffered, and will continue to suffer, injuries and damages. Plaintiff seeks an award from the trier of fact for the following:

    a.    Past and future medical expenses;
    b.    Past and future mental anguish;
    c.    Out-of-pocket expenses;
    d.    Pre-judgment interest and taxable court costs; and
    e.    Exemplary damages; and
    f.    Attorney's fees.

31.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over $1 million ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS

32.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## DEMAND FOR JURY TRIAL

33.     Pursuant to RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against Defendants for damages as they may appear at trial hereof, together with pre-judgment and post-judgment interest, costs of court and such other relief to which Plaintiff may be entitled.

Respectfully submitted,

**KOMIE & MORROW LLP**

*/s/ Scott J. Braden*
Scott J. Braden
State Bar No. 24067525
scott@komieandmorrow.com
Nicholas Buttry
State Bar No. 24078294
nick@komieandmorrow.com
David A. Komie
State Bar No. 00795998
david@komieandmorrow.com
7703 North Lamar Boulevard, Suite 410
Austin, Texas 78752
(512) 338-0900 [Tel.]
(512) 338-0902 [Fax]
ATTORNEYS FOR PLAINTIFF

# Exhibit 3

Cathy Ownbey

FILED
C2017-0741C
4/28/2017 12:55:50 PM
Heather N. Kellar
Comal County
District Clerk

C2017-0741C

CAUSE NO. _____

| | | |
|---|---|---|
| **KRISTI GUERRERO AND SAMUEL GUERRERO,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **TERRY KNIGHTEN AND RENEW** | § | |
| **MINISTRIES, F/K/A CELEBRATE** | § | |
| **LIFE CHURCH, INC.** | § | |
| *Defendants.* | § | **COMAL COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, KRISTI GUERRERO and SAMUEL GUERRERO (collectively "Plaintiffs" or the "Guerreros"), and files this original petition complaining of Defendants TERRY KNIGHTEN and RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC. (collectively "Defendants"), and for cause would respectfully show unto the Court the following:

### DISCOVERY CONTROL LEVEL

1.     Pursuant to RULE 190, TEX. R. CIV. P., discovery shall be conducted in this matter under Level 2.

### PARTIES

2.     Plaintiff, KRISTI GUERRERO ("Kristi"), is an individual resident of Texas who presently resides at 491 North Veramendi Avenue in New Braunfels, Texas. Her date of birth February 11, 1991 and the last three digits of her social security number are 703.

3.    Plaintiff, SAMUEL GUERRERO ("Sam"), is an individual resident of Texas who presently resides at 491 North Veramendi Avenue in New Braunfels, Texas. His date of birth May 28, 1989 and the last three digits of his social security number are 592.

4.    Defendant, TERRY KNIGHTEN ("Knighten"), is an individual resident of the State of Texas who can be served with process pursuant to TRCP 106(a)(1) by delivering to the defendant, in person, and/or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition at his place of residence: **456 Wilderness Way, New Braunfels, Texas 78132.** *Issuance of citation is requested at this time.*

5.    Defendant, RENEW MINISTRIES f/k/a CELEBRATE LIFE CHURCH, INC ("Renew Ministries" or the "church"), is a domestic nonprofit corporation duly licensed to conduct business in the State of Texas.  Service on this defendant can be made by serving its registered agent through its registered agent: **Asiatico & Associates, PLLC, 5850 Granite Parkway, Suite 900, Plano, Texas 75024.** *Issuance of citation is requested at this time.*

### JURISDICTION & VENUE

6.    The subject matter in controversy is within the jurisdictional limits of this court. Venue in Comal County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Comal County.

### RESPONDEAT SUPERIOR

7.    Whenever in this Petition it is alleged that Defendant Renew Ministries committed any acts or omissions, it is meant that this Renew Ministries' officers, agents, servants, employees, and/or representatives—including (but not limited to) Defendant Knighten—committed such acts or omissions, and that at the time such acts or omissions were

committed, it was done with the full authorization or ratification of Defendant Renew Ministries or was done in the normal and routine course and scope of employment of Renew Ministries' officers, agents, servants, employees, and/or representatives. Plaintiff therefore invokes the doctrine of *respondeat superior* as to Defendant Renew Ministries.

## ALTER EGO

8.     As an alternative theory of liability, Defendant Renew Ministries was and is a mere sham and shell organized and operated as the alter ego of individual Defendant Knighten for his personal benefit and advantage. That is, the individual Defendant Knighten has exercised total dominion and control over corporate Defendant Renew Ministries. Defendant Knighten was the lead pastor of the church, held a permanent seat on the church's board of directors, and had domination and control over the church's affairs and actions. Accordingly, Defendant Knighten had so intermingled his personal and financial affairs with Defendant Renew Ministries that it became the alter ego of individual Defendant Knighten.

## FACTUAL BACKGROUND

9.     At all relevant times herein, Renew Ministries owned and/or operated a church identified as "Renew Church," located at 2240 FM 725 in New Braunfels, Texas (the "church"). Defendant Terry Knighten ("Knighten") was the lead pastor and spiritual leader of the church in addition to his role as permanent board member, employee, agent, and representative of Renew Ministries.

10.     As detailed further herein, this lawsuit arises from numerous instances of nonconsensual sexually exploitative conduct and abuse perpetuated by Knighten against former Renew Ministries' parishioner, Plaintiff Kristi Guerrero ("Kristi") during her time at the church until she left the church in the fall of 2016.

11.     Kristi first became a parishioner at the church in May of 2010 because she was seeking a spiritual path to help guide her life. Soon after becoming a member of the church, Kristi met and began dating Plaintiff Samuel Guerrero ("Sam"), who was also a parishioner of the church. The couple both became fully committed and indoctrinated members to the church and, after becoming engaged, submitted themselves to pre-marriage counseling with Knigthen. During this time, both Kristi and Sam grew to be loyal and trusting servants and adherents to Knighten. Knighten married the couple in June of 2011.

12.     After their marriage, the Guerreros continued their involvement with church leadership. Their relationship with Knighten became one of subservience and devout, unquestioned loyalty to Knighten. The Guerreros immediately implemented any and all religious instructions coming from the mouth of Knighten as though the same had come directly form the mouth of God himself. Every significant life choice made by the Guerreros was first brought to Knighten for his counsel and instruction.

13.     After years of grooming and manipulating the Guerreros into a culture of submission, Knighten—beginning in or around May 2013—began a scheme of sexual exploitation of Kristi. Knighten first began by talking with and texting Kristi on a "one-on-one" basis regarding mundane matters so that she would become comfortable with interacting with him privately. As his servant, Kristi felt both special and honored when Knighten ostensibly singled her out for personal interaction. At this point, Kristi had no reason to know of Knighten's intentions, as not only was Knighten her trusted pastor, but he was also significantly older, married to another pastor, and a father to adult children.

14.     Once Knighten had Kristi under his control and influence, he then gradually escalated their interactions by frequently requesting long hugs (during which he would squeeze very

tightly while sucking in his stomach region so that Kristi could feel his erection pressed against her body) along with making unsolicited inquiries about her sexual life.  Kristi, for example, revealed to Knighten that she had a medical condition that made sexual interaction difficult that she had experienced for many years. Seizing the opportunity, Knighten then probed Kristi about details concerning her past and present sexual encounters under the pretext of trying to "counsel" her with her issues. He would utilize other manipulation tactics to make Kristi feel both special and subservient at the same, such as representing to Kristi on multiple occasions that he was on the verge of quitting the ministry until God had brought her into *his* life; wishing that he had been younger so that Kristi could have married *him*; claiming how he wished *he* could adopt her and make her part of *his* family.

15.     Due to the subtle and gradual implementation of these tactics. Kristi had been entirely disarmed by the time that Knighten decided to touch her sexually. The contact first occurred around or near February 2014, when Knighten approached Kristi and began groping and touching her body underneath her shirt and began to simulate oral sex upon her. Renew Ministries' leadership found out about the exploitative conduct and the incident, and Kristi confessed to them the same. But instead of reporting the information to law enforcement and immediately terminating Knighten, the church took no action to protect Kristi against any further exploitation.

16.     Due to the church's indifference to Knighten's exploitation, the sexual conduct continued, which led to many instances of Knigthen kissing, touching, groping, and/or requesting that Kristi touch Knighten (or that Knighten be permitted to touch her) in a sexual manner, including instances occurring on the church campus with Knighten. While Kristi knew that this conduct was wrong, she felt powerless to stop or question the sexual advances, as she had fully committed herself to serving him with unquestioned loyalty.

17.     Beginning after May 1, 2015, Kristi began to regularly clean the Knighten family's home as a means of earning additional income. On one such afternoon, Kristi was cleaning the home when Knighten arrived by himself. Realizing that he had Kristi alone in his home with no one else around, Knighten decided to seize the opportunity to sexually abuse her. Knighten called Kristi into his bedroom and asked her to lay beside him on the bed and give him a hug. Knighten then attempted to slide off her shorts, but Kristy used her hand to stop him and indicated that she was uncomfortable with the situation. Not to be deterred, Knighten pled with Kristi about how he "only wanted to look" and that he would not do anything else—which was a lie. Once he finally removed her shorts, Knighten pressed Kristi's face into a pillow and, with violent thrusts, began to have unwarranted and unreciprocated sexual intercourse with Kristi's body. Kristi experienced severe guilt, trauma, and shame by the encounter, which could have been avoided had the church took corrective action when it first learned that its lead pastor was a sexual predator.

18.     These instances of sexual exploitation, inappropriate communications, and/or sexual abuse continued onward up until the Guerreros left the church in October 2016, including another event in the fall of 2015 when one of Knighten's "hugs" once again turned into sexual abuse and intercourse.  In the fall of October 2016, the Guerreros quit when allegations surfaced that Knighten had been sexually abusing other women in the church in a similar manner.

19.     Further, from the time of their marriage and up through October 2016, both Sam and Kristi had met with Knighten on many occasions regarding marital issues and counseling. That is, Knighten—in his capacity as pastor, leader, and representative of the church—was providing marital counseling and advice to the Guerreros (that he knew they were relying upon) while, at the same time, he was sexually abusing and exploiting Kristi and impairing the sanctity of their marriage.  At no time during any of the many counseling sessions with Sam did Knighten reveal

that he was—behind the scenes—involved in a continuous and calculated sexual abuse and exploitation of his wife.

20.     A. a result of these acts and/or omissions by Defendants, Plaintiffs sustained severe damages for which they bring this lawsuit.

## PLAINTIFF KRISTI GUERRERO - CAUSES OF ACTION

21.     Plaintiff Kristi Guerrero incorporates by reference the preceding paragraphs as though the same had been fully set forth herein. For the purposes of this section, "Plaintiff" means Kristi Guerrero.

### Count 1: Breach of Fiduciary Duty (Defendant Knighten)

22.     At the time of these incidents, Plaintiff and Defendant Knighten had an informal fiduciary relationship with one another as Pastor / congregation member and through their counseling sessions based on the trust and confidence that they instilled in one another. Through his sexual abuses, advances, and exploitation, Defendant Knighten breached this duty. Such breach resulted in injury to Plaintiff and was for the benefit of Defendant Knighten.

### Count 2:  Assault by Offensive Physical Conduct (Defendant Knighten)

23.     At the time of the incidents, Defendant Knighten acted intentionally and/or knowingly when he repeatedly had nonconsensual sexual intercourse and unwanted physical touching with Plaintiff. Defendant Knighten's acts made physical contact with Plaintiff's person, and Defendant Knighten knew or reasonably should have known such contact would be regarded by Plaintiff as offensive or provocative.  Such repeated contact caused injury to Plaintiff.

### Count 3: Negligence & Gross Negligence (Defendant Knighten)

24.     At the time of the incidents, Defendant Knighten had a duty to exercise reasonable care to avoid a foreseeable risk of injury to others. Defendant Knighten breached that duty in one or

more of the following ways:

  a. Repeatedly sexually abusing and exploiting Plaintiff, who Knighten knew was married and was completely under his control, influence, and direction;

  b. Having nonconsensual sexual intercourse and contact with Plaintiff when Defendant Knighten knew or should have known that the sexual contact was harmful to Plaintiff; and

  c. Failing to cease his sexual abuse and exploitation of Kristi, which he knew or should have known was harmful to Plaintiff.

  25. Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

  26. Pleading further, the aforementioned negligent acts and/or omissions of Defendant Knighten, when viewed objectively from the standpoint of Defendant Knighten at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others. The acts and/or omissions of Defendant Knighten were more than momentarily thoughtlessness, inadvertence, or error of judgment. Defendant Knighten had actual, subjective awareness of the risk involved with sexually abusing Kristi but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by repeatedly having nonconsensual and unwanted, harmful sexual intercourse with Plaintiff.

  27. Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

### Count 4:  Intentional Infliction of Emotional Distress (Defendant Knighten)

  28. Plaintiff would show that the aforementioned intentional and/or reckless conduct of Defendant Knighten is actionable under the cause of action for intentional infliction of emotional

distress. Plaintiff will show that the conduct of Defendant Knighten was so harassing, outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.   As a proximate result thereof, Plaintiff has sustained severe emotional distress and seeks any and all remedies available to her at law for the same, including exemplary damages.

**Count 5: Sexual Exploitation by a Mental Health Services Provider (Defendant Knighten)**

29.     At the time of the subject incidents, Defendant Knighten, a mental health services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)(E), sexually exploited his patient (Plaintiff) in one or more of the following ways:

   a.   Having sexual contact with Plaintiff;

   b.   Sexually exploiting Plaintiff through a pattern, practice, and scheme of conduct including sexual contact for the purpose of sexual arousal, gratification and sexual abuse of Plaintiff; and

   c.   Therapeutically deceiving Plaintiff by taking advantage of the trust and confidence between Plaintiff and Defendant Knighten instilled in their marital counseling sessions in such a way that Plaintiff believed the sexual contact with Defendant Knighten was consistent with, or part of Plaintiff's treatment with Defendant Knighten.

30.     Such acts and/or omissions constituted sexual exploitation by a mental health services provider pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.002 and resulted in physical, mental, and emotional injuries to Plaintiff. As a result thereof Plaintiff seeks any and all remedies available to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.004.

**Count 6: Sexual Exploitation by a Mental Health Services Provider (Renew Ministries)**

31.     At all times pertaining to the subject incidents, Defendant Knighten was an employee of Defendant Renew Ministries. Accordingly, Defendant Renew Ministries is liable for Defendant Knighten's sexual exploitation of Plaintiff by violating Tex. Civ. Prac. & Rem. Code

Sec. 81.002 in one or more of the following ways:

    a. Failing to make inquiries of Defendant Knighten's former employers, who employed Defendant Knighten as a mental health services provider (as defined by Tex. Civ. Prac. & Rem. Code Sec. 81.001(2)) within the five years before the date of disclosure, concerning the possible occurrence of sexual exploitation by Defendant Knighten;

    b. Knowing or having reason to know that Defendant Knighten engaged in sexual exploitation of Plaintiff and failing to: 1) report the suspected sexual exploitation of Plaintiff as required by Tex. Civ. Prac. & Rem. Code Sec. 81.006; and/or 2) taking necessary action to prevent or stop the sexual exploitation of Plaintiff; and/or

    c. Knowing of the occurrence of sexual exploitation by Defendant Knighten of Plaintiff, receiving a specific request by Defendant Knighten's employer or former employer engaged in the business of providing mental health services, regarding the possible existence or nature of sexual exploitation by Defendant Knighten, and failing to disclose the occurrence of the sexual exploitation.

    32.    Such acts and/or omissions by Defendant Renew Ministries were the proximate cause and actual cause of the damages suffered by Plaintiff. As a result thereof, Plaintiff seeks any and all remedies available to her at law for the same, including exemplary damages and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 81.004.

### Count 7: Negligent Hiring, Supervising, Training and Retention & Gross Negligence (Defendant Renew Ministries)

    33.    At the time of the subject incidents Defendant Renew Ministries owed Plaintiff a duty to hire, supervise, train, and/or retain competent employees. This Defendant breached that duty in one or more of the following ways:

    a. Failing to terminate Defendant Knighten when Defendant Renew Ministries knew or reasonably should have known he was engaging in unwelcomed sexual contact with Defendant Renew Ministries' parishioners.

    b. Failing to adequately supervise Defendant Knighten so that he did not have sexual contact with Defendant Renew Ministries' parishioners;

    c. Failing to train its employees to report instances of unwanted sexual contact, sexual advances, or other lewd and lascivious behavior to Defendant Renew Ministries;

    d. Failing to hire employees that would report instances of sexual contact, sexual advances,

or other lewd and lascivious behavior Defendant Renew Ministries;

e.  Failing to retain employees that would report instances of sexual contact, sexual advances, or other lewd and lascivious conduct on Defendant Renew Ministries' premises;

f.  Failing to ensure that Defendant Knighten did not have sexual intercourse with Defendant Renew Ministries' parishioners; and

g.  Failing to adequately supervise Defendant Knighten so that he did not have sexual intercourse with Defendant Renew Ministries' parishioners.

34.    Such acts and/or omissions constituted negligence and were the proximate cause of the incidents that form the basis of this lawsuit and Plaintiff's injuries and damages.

35.    Pleading further, the aforementioned negligent acts and/or omissions of Defendant Renew Ministries, when viewed objectively from the standpoint of this Defendant at the time of their occurrence, involved an extreme degree of risk of harm, considering the probability and magnitude of the potential harm to others.  The acts and/or omissions of Defendant were more than momentarily thoughtlessness, inadvertence, or error of judgment. Defendant Renew Ministries had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff by taking no corrective action and turning a blind eye to Defendant Knighten's unabated sexual assaults of Plaintiff.

36.    Such acts and/or omissions constitute gross negligence and, separately and concurrently, were the proximate cause of the incidents described above and the resulting injuries and damages sustained by Plaintiff, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

### PLAINTIFF SAMUEL GUERRERO - CAUSES OF ACTION

37.    Plaintiff Sam Guerrero incorporates by reference the preceding paragraphs as though the same had been fully set forth herein.  For the purposes of this section, "Plaintiff" means Samuel

Guerrero.

### Breach of Fiduciary Duty (Defendant Knighten)

38.    Plaintiff intends to show that Plaintiff and Defendant Knighten had an informal fiduciary relationship that arose over a period of many years based on the trust and confidence that they instilled in one another during Plaintiff's counseling sessions with Defendant Knighten. Plaintiff intends to show that over a period of more than six years, a special relationship arose between Defendant Knighten and Plaintiff, whereby Defendant Knighten would meet with Plaintiff to provide him with marital and mental health counseling. Accordingly, Defendant Knighten had a duty to act in Plaintiff's best interest and to operate with the upmost candor.

39.    Defendant breached this duty by sexually exploiting and having intercourse with Plaintiff's wife, which Defendant knew or should have known would have caused severe emotional injury and turmoil and impair Plaintiff's marital relationship with his wife.  At no point during any of the counseling sessions did Defendant inform Plaintiff that he had sexual contact with his wife. Such breach resulted in injury to Plaintiff and was for the benefit of Defendant Knighten, and caused Plaintiff to sustain mental anguish to Plaintiff.

### PLAINTIFFS' DAMAGES

40.    As a result of the acts and omissions as alleged in this suit, Plaintiff Kristi Guerrero would show the trier of fact that she has suffered, and will continue to suffer, injuries and damages.  Plaintiff seeks an award from the trier of fact for the following:

a.    Past and future medical expenses;
b.    Past and future physical pain;
c.    Past and future mental anguish;
d.    Past and future physical impairment;
e.    Past and future disfigurement;
f.    Out-of-pocket expenses;
g.    Pre-judgment interest and taxable court costs; and
h.    Exemplary damages; and

i.     Attorney's fees.

41.     As a result of the incident that forms the basis of this lawsuit, Plaintiff Sam Guerrero would show the trier of fact that he has suffered, and will continue to suffer, severe mental anguish. Plaintiff Sam seeks monetary recovery for his mental anguish, pre-judgment interest, and taxable court costs.

42.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, each Plaintiff seeks monetary relief over $1 million ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANTS

43.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### DEMAND FOR JURY TRIAL

44.     Pursuant to RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs hereby demand a jury trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that upon final hearing, Plaintiffs recover judgment against Defendants for damages as they may appear at trial hereof, together with pre-judgment and post-judgment interest, costs of court and such other relief to which Plaintiffs may be entitled.

*[SIGNATURE BLOCK ON NEXT PAGE]*

Respectfully submitted,


**KOMIE & MORROW LLP**

 _/s/ Scott J. Braden_____
Scott J. Braden
State Bar No. 24067525
scott@komieandmorrow.com
Nicholas Buttry
State Bar No. 24078294
nick@komieandmorrow.com
David A. Komie
State Bar No. 00795998
david@komieandmorrow.com
7703 North Lamar Boulevard, Suite 410
Austin, Texas 78752
(512) 338-0900 [Tel.]
(512) 338-0902 [Fax]
ATTORNEYS FOR PLAINTIFF

# Exhibit 4



# PHILADELPHIA
## INSURANCE COMPANIES
A Member of the Tokio Marine Group

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

## Philadelphia Indemnity Insurance Company
## COMMON POLICY DECLARATIONS

**Policy Number:** PHPK806951

**Named Insured and Mailing Address:**
Celebrate Life Church dba
Renew Church
2240 FM 725
New Braunfels, TX 78130-9506

**Producer:** 20798
GEM Insurance
P.O. Box 27469
Houston, TX 77227

**Policy Period From:** 12/16/2011  **To:** 12/16/2012

at 12:01 A.M. Standard Time at your mailing
address shown above.

**Business Description:** Religious Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | 487.00 |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | |
| Commercial Auto Coverage Part | 172.00 |
| Businessowners | |
| Workers Compensation | |
| UltimateCover Property Coverage Part | 5,589.00 |
| Professional Liability | 770.00 |
| Sexual/Physical Abuse | 3,422.00 |
| **Total** | **$ 10,440.00** |
| Total Includes Federal Terrorism Risk Insurance Act Coverage | **159.00** |

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
**Refer To Forms Schedule**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (01/07)

_____
Countersignature Date

_Sean S Sweeney_
Authorized Representative

# Exhibit 5



# PHILADELPHIA
## INSURANCE COMPANIES

*A Member of the Tokio Marine Group*

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

## Philadelphia Indemnity Insurance Company
### COMMON POLICY DECLARATIONS

**Policy Number:** PHPK957101

**Named Insured and Mailing Address:**
Celebrate Life Church dba
Renew Church
2240 FM 725
New Braunfels, TX 78130-9506

**Producer:** 20798
GEM Insurance
P.O. Box 27469
Houston, TX 77227

**Policy Period From:** 12/16/2012  **To:** 12/16/2013     at 12:01 A.M. Standard Time at your mailing address shown above.

**Business Description:** Religious Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | 487.00 |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | |
| Commercial Auto Coverage Part | 701.00 |
| Businessowners | |
| Workers Compensation | |
| UltimateCover Property Coverage Part | 6,162.00 |
| Sexual/Physical Abuse | 3,422.00 |
| **Total** | **$ 11,542.00** |
| Total Includes Fees and Surcharges (See Schedule Attached) | 2.00 |
| Total Includes Federal Terrorism Risk Insurance Act Coverage | 175.00 |

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (01/07)

_____
Countersignature Date

_____
Authorized Representative

# Exhibit 6



# PHILADELPHIA
## INSURANCE COMPANIES
*A Member of the Tokio Marine Group*

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

**Philadelphia Indemnity Insurance Company**
## COMMON POLICY DECLARATIONS

**Policy Number:** PHPK1110916

**Named Insured and Mailing Address:**
Celebrate Life Church dba
Renew Church
2240 FM 725
New Braunfels, TX 78130-9506

**Producer:** 20798
GEM Insurance
P.O. Box 27469
Houston, TX 77227

**Policy Period From:** 12/16/2013  **To:** 12/16/2014

at 12:01 A.M. Standard Time at your mailing
address shown above.

**Business Description:** Religious Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS
POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS
INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | 602.00 |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | 207.00 |
| Commercial Auto Coverage Part | 1,270.00 |
| Businessowners | |
| Workers Compensation | |
| UltimateCover Property Coverage Part | 7,244.00 |
| Professional Liability | 770.00 |
| Sexual/Physical Abuse | 3,422.00 |
| **Total** $ | **13,515.00** |

Total Includes Fees and Surcharges (See Schedule Attached)   4.00
Total Includes Federal Terrorism Risk Insurance Act Coverage   208.00

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
**Refer To Forms Schedule**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (01/07)

_____
Countersignature Date

_____
Authorized Representative

# Exhibit 7



## PHILADELPHIA
### INSURANCE COMPANIES
A Member of the Tokio Marine Group

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

**Philadelphia Indemnity Insurance Company**
## COMMON POLICY DECLARATIONS

**Policy Number:** PHPK1270218

**Named Insured and Mailing Address:**
Celebrate Life Church dba
Renew Church
2240 FM 725
New Braunfels, TX 78130-9506

**Producer:** 101216
Risk Services of Louisiana
P.O. Box 13558
Alexandria, LA 71315

**Policy Period From:** 12/16/2014  **To:** 12/16/2015

at 12:01 A.M. Standard Time at your mailing
address shown above.

**Business Description:** Religious Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS
POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS
INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | 671.00 |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | 207.00 |
| Commercial Auto Coverage Part | 3,095.00 |
| Businessowners | |
| Workers Compensation | |
| UltimateCover Property Coverage Part | 7,629.00 |
| Professional Liability | 1,670.00 |
| Sexual/Physical Abuse | 3,422.00 |
| **Total** | **$ 16,694.00** |

Total Includes Fees and Surcharges (See Schedule Attached)          10.00
Total Includes Federal Terrorism Risk Insurance Act Coverage       219.00

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
**Refer To Forms Schedule**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (01/07)

Countersignature Date          Authorized Representative

# Exhibit 8

POLICY NUMBER:   PHPK1270218

IL 12 06 04 03

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# TEXAS POLICY CHANGES

Effective Date of Change:   12/16/2014
Change Endorsement No.:   3
Named Insured:   Celebrate Life Church dba
                 Renew Church

The following item(s):

| | Insured's Name | | Insured's Mailing Address | |
|---|---|---|---|---|
| | Policy Number | | Company | |
| | Effective/Expiration Date | | Insured's Legal Status/Business of Insured | |
| | Additional Interested Parties | | Premium Determination | |
| | Limits/Exposures | | Coverage Forms and Endorsements | |
| | Covered Property/Location Description | | Deductibles | |
| | Rates | | Classification/Class Codes | |

is (are) changed to read {**See Additional Page(s)**}:

Path ID  9128745

The above amendments result in a change in the premium as follows:

| | NO CHANGES | | TO BE ADJUSTED AT AUDIT | ADDITIONAL PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|---|
| | | | | $   6,359.00 | $ |
| Countersigned By: | | | | | |
| Issue Date:     09/30/2015 | | | | | |

(Authorized Agent)

## POLICY CHANGES ENDORSEMENT DESCRIPTION

In consideration of the premium reflected, the policy is amended as indicated below:

Extended to 6/1/2016

**REMOVAL PERMIT**

If this policy includes the Commercial Property Coverage Part, or the Capital Assets Program (Output Policy) Coverage Part with all property scheduled on the Scheduled Location Endorsement **OP 14 01,** the following applies with respect to that Coverage Part:

If Covered Property is removed to a new location that is described on this Policy Change, you may extend this insurance to include that Covered Property at each location during the removal. Coverage at each location will apply in the proportion that the value at each location bears to the value of all Covered Property being removed. This permit applies up to 10 days after the effective date of this Policy Change; after that, this insurance does not apply at the previous location.

IL 12 06 04 03                    © ISO Properties, Inc.,  2002                    **Page 2**

# Exhibit 9



**PHILADELPHIA**
**INSURANCE COMPANIES**

A Member of the Tokio Marine Group

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

## Philadelphia Indemnity Insurance Company
## COMMON POLICY DECLARATIONS

Policy Number: PHPK1505125

**Named Insured and Mailing Address:**
Renew Ministries
2240 FM 725
New Braunfels, TX 78130-9506

**Producer:** 101216
Risk Services of Louisiana
P.O. Box 13558
Alexandria, LA 71315

(318)445-4141

**Policy Period From:** 06/01/2016  **To:** 06/01/2017

at 12:01 A.M. Standard Time at your mailing
address shown above.

**Business Description:** Religious Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS
POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS
INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | 685.00 |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | 207.00 |
| Commercial Auto Coverage Part | 3,520.00 |
| Businessowners | |
| Workers Compensation | |
| UltimateCover Property Coverage Part | 8,207.00 |
| Professional Liability | 1,349.00 |
| Sexual/Physical Abuse | 3,422.00 |
| **Total** | **$ 17,390.00** |

Total Includes Fees and Surcharges (See Schedule Attached)        8.00
Federal Terrorism Risk Insurance Act Coverage

---

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (06/14)

Secretary

President and CEO